[S. F. No. 8349. In Bank.—November 22, 1917.]

## R. A. BOGGESS et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Workmen's Compensation Act — Master and Servant — Injury Not Arising Out of Employment—Industrial Accident Commission—Award Not Justified.—An employee at a mine, absent on leave from the mine to go to a distant point on his own affairs, and to return to the mine as soon as his business is concluded, who, on his return trip, met at a way station the mine superintendent, and, at the latter's request, assisted in unloading an auto truck, on the superintendent's agreement that the employer would pay him for his time spent in that service, and who afterward, as a matter of convenience, continued his return journey to the mine on the truck at the invitation of the superintendent, instead of traveling on the stage, and while so riding was injured in an accident occurring to

the truck, was not injured by an accident in the course of his employment or arising out of it, and an award made by the Industrial Accident Commission on account of such injuries was not justified.

APPLICATION for Writ of Review to review and annul an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Redman & Alexander, for Petitioners.

Christopher M. Bradley, and S. S. McCahill, for Respondents.

SHAW, J.—The Industrial Accident Commission made an award in favor of Jack Fenner to compensate him for injuries which he suffered from an accident which he claims arose out of his employment and happened in the course thereof. The petitioners ask that the said award be annulled, on the ground that the finding of the commission that the accident happened in the course of employment and arose out of it is not sustained by any evidence.

Fenner was a miner employed to work as such in a quicksilver mine owned by Boggess known as the Abbott Mine, situated near Wilbur Springs, some thirty miles from the town of Williams, on the Southern Pacific railroad. A few days before the accident he was given leave of absence to go to Sacramento on his own affairs, and he was to return and resume work when his business was concluded. After transacting his business there he returned to Williams, intending to take the stage from Williams to Wilbur Springs. At Williams he met Luther Johnson, who was the bookkeeper for Boggess, and who acted as superintendent of the mine in the absence of Boggess. Johnson had come to Williams with two auto trucks for the purpose of taking goods therein from Williams to the mine. Fenner told Johnson that he intended to go to Wilbur Springs on the stage. Thereupon Johnson told him that he wanted to load the trucks and return to the mine that day, and suggested that Fenner assist in the loading, saying that they could get them loaded in time for Fenner to go to the mine in the truck, instead of taking the stage to Wilbur Springs, and that Boggess would pay him for the time occupied in loading the trucks. Fenner

assented to this and proceeded to assist in loading the trucks. Thereupon Johnson started with the trucks for the mine and Fenner accompanied him. Somewhere on the road, while Fenner was riding on the truck driven by Johnson, the accident happened whereby he received the injury for which the compensation was awarded. While on the journey from Williams to the mine he was engaged in no service whatever for Boggess. His duties as a miner did not require him to assist in loading trucks at Williams, but it was understood at the time he was employed as a miner that he was to do any work which he was directed to do, and it occasionally happened that miners were detailed to do work of this character outside.

All these facts are established by the evidence without conflict. It is apparent that the accident did not happen in the course of the employment and that it did not arise out of the employment. Fenner was on leave to go from the mine to Sacramento on business of his own, and he was to return to the mine as soon as his business was concluded. There was no evidence showing or tending to show that the employment at Williams provided not only that he was to help unload the truck, but also that he was then, as a part of his service, to travel on the truck to the mine. On the contrary, his employment by Johnson to load the truck was temporary only and for the sole purpose of getting the truck loaded. His going to the mine on the truck, instead of by stage, was arranged merely as a matter of convenience to him. It was no part of his service. He was still in the process of returning to the mine in the pursuance of the arrangement by which he had left it temporarily. He has no more right under the law to claim compensation from Boggess for the injury which happened to him on the journey to the mine on the truck than he would have had if he had been riding on the stage as he first intended.

For these reasons we are of the opinion that the commission was not justified in making any award against Boggess.

The award is annulled.

Sloss, J., Melvin, J., Henshaw, J., Victor E. Shaw, J., *pro tem.*, and Angellotti, C. J., concurred.