GREELEY NORWOOD *v.* TELLICO RIVER LUMBER CO.

(*Knoxville.* September Term, 1922.)

MASTER AND SERVANT. Injury to employee riding free on employer's train while returning from personal visit held not "arising out of and in the course of employment," within Compensation Act.

Where employer, as a part of the contract of employment, permitted employees going to and from their work to ride free on logging trains running between a town and employer's logging camp, and an employee, who left his home at the camp Saturday afternoon, after working hours, for purpose of visiting his father in town, was injured by the lurching of the train while returning to camp Sunday afternoon, his injury did not arise "out of and in the course of employment," within the Workmen's Compensation Act, the trip being personal, and therefore the statute could not be invoked to defeat recovery in a common-law action.

Acts cited and construed: Acts 1919, ch. 123.

Cases cited and approved: Dominguez v. Pendoia, 188 Pac., 1025; Scalia v. American Sumatra Tobacco Co., 93 Conn., 82; State ex rel. London & L. Indemnity Co. v. District Court, 141 Minn., 348; Littler v. George A. Fuller Co., 223 S. Y., 369; Hackley-Phelps-Bonnell Co. v. Industrial Commission, 165 Wis., 586; Holmes v. Great Northern R. Co., 2 Q. B., 409; Cremins v. Guest, 24 Times L. R., 189; Osterhout v. Latham, 92 Conn., 91; Erickson v. St. Paul City R. Co., 141 Minn., 166; Rausch v. Standard Shipbuilding Corp., 111 Misc. Rep., 450; Davies v. Rhymney Iron Co., 16 Times L. R., 329; Parker v. Pout, 105 L. T. N. S., 493; Boggess v. Industrial Accident Commission, 176 Cal., 534; United Disposal & Recovery Co. v. Industrial Commission, 291 Ill., 480.

Cases cited and distinguished: Swanson v. Latham, 92 Conn., 87; Harrison v. Central Const. Corp., 135 Md., 170; Donovan's Case, 217 Mass., 76.

FROM MONROE.

A  ̣eal from the Circuit Court of Monroe County.—HON. SAM C. BROWN, Judge.

W. F. BLACK and JOHN D. PENLAND, for appellant.

T. W. PEACE and CHARLES H. SMITH, for appellee.

MR. JUSTICE HALL delivered the opinion of the Court.

The plaintiff below, Greeley Norwood, brought this action in the circuit court of Monroe county against the defendant, Tellico River Lumber Company, to recover for personal injuries sustained while riding on one of defendant's logging trains in Monroe county, Tenn.

Plaintiff filed his declaration on June 16, 1921, averring, among other things, that on July 25, 1920, defendant was operating a line of railroad from Tellico Plains, in Monroe county, Tenn., to its logging or lumber camp in said county about forty miles distant from Tellico Plains; that defendant was a common carrier of both freight and passengers, but did not furnish its passengers with what is commonly known as passenger coaches in which to ride, but permitted them to ride on freight cars, box cars, flat cars, and other places on its trains where they could secure a place to sit or stand; that on said date plaintiff was a passenger on one of defendant's trains, seated on the end of a freight car, when he was caused to fall therefrom and suffer injuries by the negligent, sudden, severe, and unusual jerking and lurching of the train at a time while it

was passing over defendant's track at a rough and dangerous place.

To this declaration defendant filed a plea in abatement, averring, in substance, that at the time of the injuries sustained by plaintiff it was engaged in timber and lumber operations, having its plant at Tellico Plains; that its mill was connected with its timber lands by a line of railroad which was owned and being operated by it solely for the transportation of logs from its timber lands to its plant at Tellico Plains; that in the conduct of its timber and lumber operations, and as a part of said operations, free transportation was given to its employees, of which plaintiff was one, to and from their work, said free transportation being a part of the contract of employment; that said railroad was being operated wholly within Monroe county, and defendant was not engaged in the business of a common carrier, but said railroad was operated solely and exclusively for the transportation of defendant's logs from its timber camp located on said line of railroad to its plant located at Tellico Plains, and the transportation of its employees to and from their work; that at the time plaintiff sustained his injury defendant was conducting its business under the provisions of the Workmen's Compensation Act, and that plaintiff, who was in the service of defendant as a teamster, had accepted the provisions of said act, and both defendant and plaintiff were operating under said act; that plaintiff sustained the injury complained of while being transported over said line of railroad on one of defendant's trains, in accordance with his employment, to his place of work; and that the accident was therefore one arising out of and in the course of his employment.

To this plea in abatement plaintiff filed a replication in which it was denied that defendant operated its railroad solely for the transportation of logs to its plant and its employees to and from their work, and averred that he was a passenger for hire on defendant's train at the time he was injured, and denied that defendant was operating its business under the Workmen's Compensation Act, or that he was injured while being transported to his work, or that his injury was one arising out of and in the course of his employment

The case was later heard upon defendant's plea in abatement, plaintiff's replication thereto, and proof. Whereupon the plea in abatement was sustained, and plaintiff's suit was dismissed.

From this judgment plaintiff appealed to the court of civil appeals. That court affirmed the judgment of the trial court, and the case is now before this court upon plaintiff's petition for writ of *certiorari*, and for review.

The undisputed evidence shows that defendant owns and operates a lumber mill at Tellico Plains, in Monroe county, Tenn.; that it also operates from its mill a line of railroad to certain timber lands owned by it, situated some twenty-four miles from Tellico Plains. This line of railroad is wholly within Monroe county, and does not extend outside of the State of Tennessee. This railroad is used and operated by defendant for the transportation of logs to its mill after the same have been gathered up in the woods along said line of railroad. The trains used in carrying these logs consist of locomotives and log cars, to which are attached cabooses for carrying defendant's workmen to and from their work in the woods, where said logs are cut, assembled, and loaded on the cars for transpor-

tation. Defendant did not accept and carry passengers generally, but the evidence does show that it did sometimes transport others than its employees, who lived in the vicinity of its logging camp, to and from Tellico Plains. It does not appear, however, whether such transportation was gratuitous or for hire.

It appears that plaintiff, at the time he was injured, lived with his family at or near defendant's logging camp some distance from Tellico Plains, and was engaged by defendant as a teamster. As a part of the contract of employment, defendant furnished plaintiff, and its other employees engaged in its service, a pass entitling them to ride on its logging trains between Tellico Plains and its logging camp in going to and from their work. Defendant's employees were usually paid for their week's work on Saturday afternoon. One pay day they were paid at Tellico Plains, and on the next pay day they were paid at the logging camp. On the days the employees are paid at Tellico Plains, the employees working at the logging camp usually go down to Tellico Plains on one of defendant's logging trains to get their checks, and return to the logging camp in the same way.

Plaintiff was injured on a Sunday afternoon, according to his declaration, by being thrown from one of defendant's trains, which was being operated from Tellico Plains to its lumber camp some twenty-four miles distant. It appears that on Saturday afternoon, before he was injured on Sunday, and after his work hours with defendant had ceased, he boarded one of defendant's trains and went to Tellico Plains for the purpose of visiting his father. After spending the night with his father, on Sunday afternoon, he boarded one of defendant's trains for the purpose of

returning to his home at defendant's logging camp in the mountains. It was while thus returning to his home that he was thrown from the train and injured.

The uncontradicted evidence is that plaintiff did not do any work for the defendant on Sunday, except to feed and water his team. For this service he received no compensation. On the day that he left the logging camp for Tellico Plains to visit his father he made arrangements with another to feed and water his team during his absence from home. His work hours with defendant did not begin, upon his return home, until 6 o'clock on Monday morning. He sustained his injury some time between 2 and 5 o'clock on Sunday afternoon.

The question for determination is: Did plaintiff's injury arise out of and in the course of his employment? If it did, then the circuit judge was correct in sustaining defendant's plea in abatement in dismissing plaintiff's suit for damages; the undisputed proof showing that both plaintiff and defendant were operating under the Workmen's Compensation Act (Acts 1919, chapter 123) at the time plaintiff was injured.

It is insisted by plaintiff that, at the time he was injured, he was not engaged in the discharge of the duties of his employment to defendant; that he owed defendant no duty whatsoever, but at a time when he was returning to his home from a visit to his father, which had no connection with his employment. In other words, he insists that, at the time he was injured, he was wholly outside of his employment, and that his injury was in no way incidental to his employment, and did not, therefore, arise out of and in the course of his employment.

It is generally held that, where transportation is furnished by an employer as an incident of the employment, an injury suffered by the employee while going to or returning from his work in the vehicle so furnished by the employer, and under his control, arises out of and is within the course of the employment, within the meaning of Workmen's Compensation Acts. *Dominguez* v. *Pendoia* (1920; Cal. App.), 188 Pac:, 1025; *Swanson* v. *Latham* (1917), 92 Conn., 87, 101 Atl., 492; *Scalia* v. *American Sumatra Tobacco Co.* (1918), 93 Conn., 82, 105 Atl., 346; *Harrison* v. *Central Const. Corp.* (1919), 135 Md., 170, 108 Atl., 874; *Donovan's Case* (1914), 217 Mass., 76, 104 N. E., 431, Ann. Cas., 1915C, 778; *State ex rel. London & L. Indemnity Co.* v. *District Court* (1919), 141 Minn., 348, 170 N. W., 218; *Littler* v. *George A. Fuller Co.* (1918), 223 N. Y., 369, 119 N. E., 554; *Hackley-Phelps-Bonnell Co.* v. *Industrial Commission* (1917), 165 Wis., 586, 162 N. W., 921, L. R. A., 1918A, 277; *Holmes* v. *Great Northern R. Co.*, [1900], 2 Q. B., 409; *Cremins* v. *Guest* (1907), 24 Times L. R., 189.

In *Harrison* v. *Central Const. Corp.*, supra, the court said: "When the injury occurs before the beginning or after the termination of work there are two general rules applicable to the question as to whether it arose out of and in the course of the employment. The first is that an employee while on his way to work is not in the course of his employment. The second is that where the workman is employed to work at a certain place, and as a part of his contract of employment there is an agreement that his employer shall furnish him free transportation to or from his work, the period of service continues during the time of transportation, and if an injury occurs during the course

Norwood v. Tellico River Lbr. Co.

of transportation it is held to have arisen out of and in the course of the employment."

In one of the leading decisions, *Donovan's Case* (Mass.), supra, where one was employed cleaning out catch-basins two miles from his home, and was injured while riding home after his day's work in a wagon furnished by the employer to take employees to the barn if they wished to ride, it was held that a finding was justified that the injury arose out of and in consequence of his employment, within the Workmen's Compensation Act.

In *Swanson* v. *Latham* (Conn.), supra, where the contract of carpenters required them to work outside the place of their residence, and the employer agreed, as a part of the contract for work at a place other than their residence, that he would convey them to and from work in an automobile provided by him, it was held that an injury resulting while they were being transported to their work arose out of and in the course of the employment. The court said:

"The work began when the decedent reached Stafford Springs; the employment began when the decedent boarded the automobile at Willimantic, and continued during the trip and during the work and on the return trip to Willimantic. Transportation to and from his work was incidental to his employment; hence the employment continued during the transportation in the same way as during the work. The injury, occurring during transportation, occurred within the period of his employment, and at a place where the decedent had a right to be, and while he was doing something incidental to his employment, because contemplated by it. The case falls clearly within the construction we have heretofore placed upon the terms

146 Tenn.—44

of the statute, 'arising in the course of the employment.'
. . . An injury received by an employee while riding,
pursuant to his contract of employment, to or from his
work, in a conveyance furnished by his employer, is one
which arises in the course of and out of the employment.
The injury arose in the course of the employment, and
while the decedent was being transported to his home; consequently the employment was the proximate cause of it.
It therefore arose out of the employment."

The same conclusion was reached with reference to the
driver of the automobile, who was one of the workmen,
and had agreed to carry the employees back and forth to
their work. *Osterhout* v. *Latham* (1917), 92 Conn., 91,
101 Atl., 494.

In *Littler* v. *George A. Fuller Co.* (1918), supra, where
bricklayers employed to build a house two miles from the
railroad refused to remain on the job unless furnished with
free transportation back and forth, and the employer hired
a truck to transport them, which went into a ditch while returning to the station at night, and injured an employee,
it was held that his injuries arose out of and in the course
of the employment. The court stated that the day's work
began when the employee entered the automobile truck in
the morning, and ended when he left it in the evening, and
further said that the rule was well established that in such
cases compensation should be awarded.

In the instant case the undisputed evidence shows that
plaintiff was not returning to or from his work at the time
he sustained the injury complained of. It is true that he
was riding on one of defendant's trains, going to his home;
but this was not an incident to his employment. He was
returning from a social visit to his father. His employ-

ment with defendant did not begin until the following day. He did not owe defendant any duty while thus returning to his home, and defendant had no control whatever over him. The trip to his father's home, of which the return was a part, was not an incident to his employment, but was purely personal. We are of the opinion, therefore, that the Workmen's Compensation Act is not applicable, and cannot be invoked by defendant.

In *Erickson v. St. Paul City R. Co.* (1918), 141 Minn., 166, 169 N. W., 532, it was held that members of a crew engaged in repairing a power line, and at liberty to ride on the repair truck whenever they found it convenient, were not entitled to compensation where they were injured in a collision between the truck and a car while riding toward their homes after having completed their day's work. The court stated that their contract of employment imposed no obligation upon the employer to transport them to or from their work, and that they were riding as licensees to serve their own convenience.

In *Rausch v. Standard Shipbuilding Cor.* (1920), 111 Misc. Rep., 450, 181 N. Y. Supp., 513, where a workman was employed at a shipyard building government ships, which was located on an island, accessible only by boat, and his day's work began and closed at the island, it was held that his injury did not arise out of and in the course of his employment; it appearing that the injury was received after he had finished his week's work and received his pay, while on a boat chartered by the employer at the instance, and ultimate expense, of the government.

In *Davies v. Rhymney Iron Co.* (1900), 16 Times, L. R. (Eng.), 329, 2 B. W. C. C., 22, a workman, who was injured a fraction of a mile from his place of work, while

alighting from a train furnished by his employer for the workmen's convenience, but which the employer was not required to furnish, or the employee to use, was held not to have suffered an injury from accident arising out of and in the course of his employment.

In *Parker* v. *Pout* (1911), 105 L. T. N. S. (Eng.), 493, 5 B. W. C. C., 45, it was held that, where an employee was injured while riding on his employer's vehicle at the invitation of another employee, the injury did not arise out of or in the course of the employment.

In *Boggess* v. *Industrial Accident Commission* (1917), 176 Cal., 534, 169 Pac., 75, L. R. A., 1918F, 883, it was held that an injury to a miner by an accident on a truck on which he had taken passage did not arise out of or in the course of his employment, where, when returning to his place of employment after visiting another city on business of his own, he met a truck of his employer and assisted in loading it, under the promise of pay for his services and transportation to the mine on the truck, which would relieve him of the necessity of patronizing a public conveyance.

In *United Disposal & Recovery Co.* v. *Industrial Commission* (1920), 291 Ill., 480, 126 N. E., 183, where the driver of a truck was instructed to keep his truck at a certain place and carry employees to the employer's plant, but instead of keeping the truck at the place ordered, he kept it at another place for his own convenience, and, while following a route other than that directed by his employer, was killed while driving over a railroad on his way to work, it was held that the injury did not occur in the course of and arise out of his employment.

Norwood v. Tellico River Lbr. Co.

Many other cases announce substantially the same rule; that is, an injury to an employee while not acting in the course of his employment, but outside of it, and for his own purposes, is not an injury arising out of and in the course of his employment.

We are of the opinion, therefore, that the Workmen's Compensation Act has no application to plaintiff's injury, and he is not precluded from prosecuting his common-law action against defendant for said injury.

It results that the judgment of both the trial court and the court of civil appeals will be reversed, and the case will be remanded to the trial court for further proceedings.

Defendant is taxed with the costs accruing upon the appeal to the court of civil appeals and in this court.