MARTIN HENRY
vs.
NORWALK TIRE & RUBBER CO.

Superior Court        Fairfield County        File #47414

Present:   Hon. JOHN A. CORNELL, Judge.

Daniel Keogh,                    Attorney for the Plaintiff.

O'Keefe & French,                Attorneys for the Defendant.

## MEMORANDUM FILED JUNE 19, 1935.

CORNELL, J.   Reasons of appeal 1 and 2 advance the claim that the Commissioner erred in refusing to add to his finding, the subject-matter of paragraphs 1, 2, 4, 5 and 6 of claimant's motion to correct the finding.

The Commissioner granted the first paragraph of paragraph 4 of the Motion to Correct.   The part of it which he refrained from adding to the finding embodies the conclusion that at the time the quarrel arose, the deceased was on the premises making preparations to begin his duties at the appointed hour.

It is, perhaps, not of decisive importance what time the deceased had entered the engine room on the day of his death. Patently the Commissioner's conclusion that this was at an hour when his contract of employment did not require him to be there, finds adequate support in the evidence.

Since it is apparently claimant's contention that the quarrel which occurred was responsible for the seizure that caused his death, the important question is—regardless of what time he had arrived at his place of employment—did that event (viz: the quarrel) take place at a time which, although outside of the period when he assumed actual control of the engine room, was, nevertheless, at a time when the performance of his scheduled duties required his presence in order that he might be able to take control at the appointed hour?

Undisputed factual findings show that the deceased was pronounced dead at 11:30 a.m. The argument is found to have lasted five or ten minutes.

After its termination an interval of a few moments elapsed during which the other engineer was out of the room and while the latter having returned again left it to obtain and return with oil to fill the oil pump. Still another short period elapsed during which the vice-president conversed very briefly with the two men, before the deceased collapsed.

There was evidence from which it might be found that the rule was for the men to come in from 15 to 30 minutes before the actual commencement of their fixed duties, but none that either of them were accustomed to do so—at least at the instance of the respondent or because reasonably necessary to the performance of their scheduled tasks—earlier than a half hour before beginning them.

Making the most liberal favorable allowance to the claimant, it cannot be said that the conclusion reached by the Commissioner is so unreasonable as to permit this court to substitute its own in place of it, if it were inclined to do so.

In the light of this conclusion based on the premise stated—which is believed to be the most favorable that can be adopted from claimant's standpoint—the other portions of the motion to correct, failure to assent to which is assigned as error, become immaterial.

Reasons 1 and 2 of appeal are, therefore, overruled and

it follows from this conclusion that the third reason must, also, be.

Claimant contends, however, that even though the finding stands, as made and to the extent corrected by the Commissioner, the conclusion reached (viz: that the deceased did not receive an injury arising out of and in the course of his employment) is erroneous.

This claim is predicated on the theory that the deceased's situation at the time he was seized is analogous to that of an employee being injured on his way to work, and that it presents a stronger case in that regard because the deceased here had actually reached the respondent's premises and was awaiting the time when his duties began.

The opinions relied on to sustain these contentions are those written in the cases of Corvi vs. The Stiles & Reynolds Brick Co., et al, 103 Conn. 449; Procaccino vs. Horton & Sons, 95 Conn. 408, and Moran vs. New York, N. H. & H. R. R. Co., 109 Conn. 94.

None of these, however, lay down the principle that the mere fact that an employee is injured on his journey to work or while on his way to his home when his duties are suspended or finished, is sufficient to justify an allowance of compensation.

All of them are predicated on a factual finding that at the time the injury was sustained the employee was pursuing a line of conduct which it was in the contemplation of the respondent employer, as an incident of his employment, or an implication arising therefrom.

Thus in Procaccino vs. Horton & Sons, the gist of the opinion at page 413, states:

"We hold that the decedent at the time of his injury was using a way of approach over private property from a highway to defendants' plant which way of approach the defendant, in its employment of the decedent, contemplated that he should use; and that the decedent, in such use of the way, was, after he left the highway in the course of his employment and that the injury arose out of a danger incident to his employment."

Again in Corvi vs. Stiles & Reynolds Brick Co., supra, it is said at p. 452:

". . . . the question whether such a risk is an incident of the employment, and hence compensable, . . . . depends upon whether the cause of injury is a risk annexed as an incident to the employment by express agreement or by the conduct of the parties."

Similar thought underlies the opinion in **Moran vs. N. Y., N. H. & H. R. R. Co., supra,** where at **p. 27,** it is remarked (the injury having been sustained on respondent's premises):

"It is the undoubted law of both the Federal Court and our own court that 'in leaving the carrier's yard at the close of his day's work the deceased was but discharging a duty of his employment."

which is another way of saying that it was a necessary incident of it, hence contemplated by the respondent and so within the course of and arising out of the employment.

Liability of the respondent in **Boulanger vs. First National Stores, Inc., 115 Conn. 665, 671,** too, was based upon a finding which furnished an affirmative answer to the following query:

". . . . whether the facts sustain the Commissioner and the Superior Court in holding that the decedent's injury was the 'result of a risk involved in the employment or incident to it, or to the conditions under which it is required to be performed and, therefore, arose out of the employment'."

The finding as it stands contains nothing to indicate that the deceased here was required either by his contract of employment, the duties which that imposed upon him or anything incident thereto to be in the factory of the respondent at any time—making the utmost permissible allowance on this score—prior to 11:30 a.m., and it was well prior to that time that the argument occurred which it is claimed induced the heart attack which, in turn, as responsible for the fall.

The mere fact that decedent was in the habit of coming in prior to 11:30 is not enough without proof of the additional fact that respondent knew of this custom and that his presence there at such times was within the reasonable implications of his duties or incident to them.

The evidence does not afford substantial basis for a finding that anything connected with the performance of decedent's

duties required him to be there, even to make preparations for taking over such duties earlier than 11:30 a.m., and claimant in his motion to correct the finding does not so claim.

Even though it were to be conceded, however, that the incidents of decedent's employment required that he be present in the pump room at the time the quarrel occurred, it does not appear that claimant would be advantaged.

The most that then could be said would be to repeat the observations made in **Jaquemin vs. Turner & Seymour Mfg. Co., 92 Conn. 382, 386:**

"The fight occurred in the course of the employment but it did not originate in it or arise as a consequence of it . . . . The fact that employees sometimes quarrel and fight while at work, does not make the injury which may result, one which arises out of their employment. There must be some reasonable connection between the injury suffered and the employment, or the conditions under which it is pursued."

That connection is lacking here, not only on the findings made, but even more emphatically by portions of the evidence, the purport of which is not incorporated in such findings.

The practical importance of the subject-matter of this appeal has impelled a perhaps somewhat meticulous examination of the elements concerned in it.

The conclusions reached supra require that all the reasons of appeal be overruled and the appeal dismissed.

It is so ordered.