In the Matter of the Claim of AMY FRANK, Respondent, against ECONOMY SALES COMPANY, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent. —Appeal by employer and insurance carrier from an award of compensation under the Workmen's Compensation Law. The appellants urge that the accident did not arise out of and in the course of claimant's employment. Claimant, a young lady, was engaged in outside saleswork, directing a campaign for a club at Freeport, Long Island. She and her employer had just closed the campaign, working sixteen and a half hours that day, and at four o'clock in the morning her employer was taking her to her home in New York in an automobile he had borrowed for the purpose of going home himself. There was no train at that hour. The car stalled on Merrick road and while the employer went for assistance, it was struck by another car and claimant was injured. Award affirmed, with costs to the State Industrial Board. McNamee, Bliss and Heffernan, JJ., concur; Rhodes, Acting P. J., dissents, and votes to reverse the award and to dismiss the claim on the ground that claimant was not a traveling saleswoman but was employed as a plant worker; Crapser, J., dissents, and votes to reverse the award and to dismiss the claim, on the ground that the accident did not arise out of and in the course of the employment.

In the Matter of the Claim of THOMAS COX, Respondent, against THIRD AVENUE RAILWAY COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the employer from an award of the State Industrial Board in claimant's favor for disability compensation on the basis of reduced earnings covering the period from January 18, 1934, to October 15, 1934. The employer was engaged in the business of conducting a street railway and claimant was employed by it as an electrician and wireman. On September 2, 1932, while engaged in his regular occupation he pulled a heavy cable, spraining his back and as a result suffered a sprain in the sacroiliac and lumbar regions of the back which developed into a chronic fasciomyositis in the left sacroiliac lumbar region. He was paid compensation until January 18, 1934. During part of this period of disability compensation payments were made on the basis of reduced earnings. On June 13, 1934, the case was closed. On November 21, 1934, it was reopened on claimant's application. The case was again closed on the previous award. On August 30, 1935, it was again reopened on claimant's application. On December 19, 1935, the Industrial Board made the award which is the subject of this review and annulled the two previous determinations closing the case. The appellant contends that the evidence was insufficient to justify a reopening of the case and the award. The medical testimony supports the determination of the Industrial Board. Appellant also contends that the Board erred in fixing the rate for partial disability. The Industrial Board properly determined the rate in accordance with subdivision 5-a of section 15 of the Workmen's Compensation Law. Award unanimously affirmed, with costs to the State Industrial Board. Present—Rhodes, Acting P. J., McNamee, Crapser, Bliss and Heffernan, JJ.