In the Matter of the Claim of HARRY SIHLER, Respondent, against LINCOLN-ALLIANCE BANK AND TRUST COMPANY, Employer, and GLOBE INDEMNITY COMPANY, Insurance Carrier, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 23, 1938.

*Ireland & Cohen* [*F. A. W. Ireland* of counsel], for the appellants.

*Mann, Strang, Bodine & Wright* [*Charles W. Green* of counsel], for the claimant, respondent.

*John J. Bennett, Jr., Attorney-General* [*Leon Freedman, Assistant Attorney-General*, of counsel], for the State Industrial Board, respondent.

Award reversed and claim dismissed, with costs against the State Industrial Board, on the authority of *Matter of Kostyum* v. *Sheldon Slate Co.* (259 N. Y. 515).

HILL, P. J., McNAMEE, BLISS and HEFFERNAN, JJ., concur; CRAPSER, J., dissents, with an opinion.

CRAPSER, J. (dissenting). This is an appeal by the employer and its insurance carrier from an award of the State Industrial Board.

On February 26, 1937, the claimant herein sustained accidental injuries for which the award was made. The sole question presented to this court for review is whether the accident arose out of and in the course of the employment.

The claimant was a painter and was injured while being taken home after working overtime. The accident occurred when he alighted from the car which was taking him to his home and he was struck by another automobile.

The claimant was not a steady employee of the Lincoln-Alliance Bank and Trust Company herein. He was engaged in decorating an office of the employer's building and had been on the job about two weeks prior to the accident. On the day of the accident the claimant was asked by his immediate superior to finish the office upon which he was working, and to work overtime therefor. Claimant agreed to and did stay overtime upon the condition that his superior take him home by automobile, because by working he would lose his bus and could not go home by bus. This was agreed to, and the claimant worked until about midnight and was taken home. When the claimant came to work on the day of the accident he did not intend to work an overtime day and the arrangement was made during the day. There is no question that the night of the accident was a special occasion in view of the late hour which the claimant was required to work. The claimant, after stopping work at midnight, was being taken home by his foreman. He still had his working clothes on and got into the auto-

mobile without cleaning up. The automobile which the foreman was using belonged to the employer. The automobile stopped across the street from the claimant's home and he was struck while starting across the street. There is nothing to show any reason why the driver of the automobile in which claimant was riding could not have turned around in front of claimant's house. This he did not do. The claimant's employment under the special arrangement continued until he reached his house and the accident happened before this time, so that the accident arose out of and in the course of claimant's employment. The appellants rely upon *Kostyum* v. *Sheldon Slate Co.* (234 App. Div. 643; 259 N. Y. 515). In that case the truck from which the claimant had descended was used for the purpose of transporting employees to and from work. The court there determined that the demarcation between the employment and the claimant's personal mission was the time when he left his employer's automobile. In the instant case, however, it is to be noted that transportation of the claimant to his home was not the employer's regular custom but was an unusual case in which the employer agreed to transport the claimant to his home, and, therefore, his employment continued until he reached home. The case of *Frank* v. *Economy Sales Co., Inc.* (249 App. Div. 885; 274 N. Y. 515) is relied upon by the respondents, but the facts differ from the facts here as in that case claimant was still in the employer's automobile being driven home from work and the automobile in which she was riding was struck in the rear and the injury to the claimant occurred. The fact that this is a special contract by which the employer agreed with the claimant to take him to his home and the claimant worked the overtime and the employer partly performed his duty made the employment continue until the claimant reached his home.

The award should be affirmed, with costs to the State Industrial Board.