In the Matter of the Claim of HARRY SIHLER against LINCOLN-ALLIANCE BANK AND TRUST COMPANY et al., Respondents.

STATE INDUSTRIAL BOARD, Appellant.

Argued February 24, 1939; decided March 7, 1939.

*John J. Bennett, Jr., Attorney-General (Leon Freedman* of counsel), for appellant. The injuries sustained by the claimant were accidental injuries arising out of and in the course of his employment. (*Matter of Frank* v. *Economy Sales Co.,* 249 App. Div. 885; 274 N. Y. 515.)

*F. A. W. Ireland* for respondents. The transportation of the employee to his house had been completed and the accident did not arise out of and in the course of the employment. (*Matter of Kostyum* v. *Sheldon Slate Co.*, 234 App. Div. 643; 259 N. Y. 515.)

HUBBS, J. Claimant was employed as a painter in finishing a suite of offices in a building owned by the employer. He usually worked eight hours a day. On the day of the accident he was requested by the foreman, an employee of the same employer, to stay overtime until twelve midnight to finish the office upon which he was working. He consented to stay until after the last bus upon which he could reach his home that night had left, upon condition that the foreman would take him home. The foreman said " he would see that I got home safe." Claimant worked until midnight and the foreman then took him in an automobile owned by the employer to a point on the opposite side of the street in front of claimant's home. Upon arriving at that point the claimant got out of the automobile, and talked a moment with the foreman. The foreman drove on, and, while crossing the street, claimant was struck by another automobile. That there was no delay between the time the foreman started on and the time when claimant was struck by the other automobile is shown by the fact that the foreman became aware of the accident, returned, and took the claimant to the hospital.

The Industrial Board made an award of compensation, finding that the claimant was injured " in the regular course of his employment and while working for his employer, and while crossing the street to enter his home after descending from an automobile driven by his immediate superior." The Appellate Division reversed.

The appellant, The State Industrial Board, relies on the decision of this court in *Matter of Frank* v. *Economy Sales Co.* (249 App. Div. 885; 274 N. Y. 515), in which the claimant was injured while in the employer's automobile. The record on appeal in that case shows that the claimant

was injured while in the employer's automobile on her way home. The case has no greater analogy to the case at bar than other cases where the contract of employment included transportation. In those cases it has been held that an employee injured while being transported by the employer may recover. There seems to be no particular analogy between the *Frank* case and the one at bar, because there the employee had not left the employer's automobile.

The respondent employer relies on *Matter of Kostyum* v. *Sheldon Slate Co.* (234 App. Div. 643; 259 N. Y. 515). In that case the employee had descended from a truck regularly used in transporting employees to and from work. The truck stopped opposite claimant's home and claimant was injured after leaving the truck and while crossing the street to his home. No recovery was allowed. The only distinction between that case and the case at bar is to be found in the fact that in that case the truck was regularly used to transport employees to and from their work, while in the case at bar there was a specific agreement to take the employee to his home if he would continue to work until midnight. In the *Kostyum* case the record discloses that the employer furnished a truck to carry the employees to and from work; that it passed over a fixed route, picking up the men at stated places, and when it passed the home of an employee on the route it let the employee off near his home. The distinction between the two cases is narrow, but in view of the liberal interpretation given to the Workmen's Compensation Law (Cons. Laws, ch. 67) in favor of an employee it seems to us that this court is not precluded by its decision in the *Kostyum* case from reversing the determination of the Appellate Division in the case before us and reinstating the award. In the instant case the agreement of the employer to transport the claimant to his home was unfulfilled by the employer when the claimant was required to alight from the automobile at a point in the highway on the opposite side of the street from his home, from which point he was required to cross the street in order to reach his home. The special agree-

ment existing in this case distinguishes the decision in the *Kostyum* case and it is not controlling for the reason that in that case there was no agreement which provided for transportation of the employee to his home, a point other than that at which the employee was obliged to alight from the automobile.

The order of the Appellate Division should be reversed and the award of the State Industrial Board reinstated, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.