■ In the Matter of the Claim of CARMELLA DEVITO, Respondent, v. ANTHONY IMBRIANO et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and his insurance carrier from deci-sions of the Workmen's Compensation Board, filed September 25, 1970 and April 23, 1971. Decedent was employed as a laborer by the employer who conducted a landscaping and gardening business. The employer had no fixed location for his employees to work. The location at which decedent and his coemployees were to work depended upon where the employer had landscaping or gardening jobs for that particular day. The employees reported to work each morning at the north corner of Essex Street and Atlantic Avenue in Brooklyn, New York, where they boarded the employer's truck and were transported to the work location for that day. At the end of the work-day, they were transported in the employer's truck to the south corner of Essex Street and Atlantic Avenue where they disembarked from the truck

by means of a ladder affixed thereto on the driver's side of the vehicle, thus being required to disembark into a traffic lane of the street. On November 2, 1968 the employer, at about 6:00 P.M., stopped his truck in the bus stop on Atlantic Avenue at the south corner of Essex Street and Atlantic Avenue, and decedent proceeded to disembark from the truck using the ladder provided by the employer. The employer testified that he saw decedent descend the ladder and reach the ground; that, as he turned to give another employee who was in the truck cab an envelope, he heard a bang and the first thing he knew, he saw the body lying in the street between the second and third traffic lanes and near the front of his truck. Decedent had been struck by an automobile, never regained consciousness, and was dead on arrival at the hospital. The board found "that the accident arose out of and in the course of the employment. Decedent was an outside worker, and the employer furnished the transportation to and from work." Appellants contend that the accident did not arise out of and in the course of employment and that decedent was not an outside worker. Outside workers whose work is of such a nature that they have no fixed place in which their work is done, are usually covered from the time they leave home until they return. The services performed by decedent were at ever-changing locations, and he was transported by the employer each day to various work sites. There is no question that decedent had no fixed place of employment, and the very nature of his employment compelled him to submit to the hazards of the highway. The board properly concluded that decedent was within the class of "outside workers" entitled to the protection of the statute from portal to portal. Assuming, *arguendo*, that decedent was not an outside worker, nevertheless, under the circumstances by which decedent met his death, the record supports the board's determination that the accident did arise out of and in the course of employment and such finding is sufficient to sustain the award. The general rule that injuries occurring while an employee is traveling to and from work are not compensable since they are not incurred in the course of employment, is not applicable to this case since, under the facts, this case would come under a further exception to the general rule involving special hazards. It is not disputed that the employer provided the means of transportation to and from the work sites and that decedent would have been in covered employment if the injury had been incurred while he was a passenger in the truck. The means of egress from the employer's truck created a hazard and danger of injury since decedent had to descend into traffic on the driver's side and the accident which occurred within the immediate vicinity of the truck was an accident arising out of and in the course of employment. (*Matter of Sihler* v. *Lincoln-Alliance Bank & Trust Co.*, 280 N. Y. 173; cf. *Matter of Lugo* v. *Pelican Sportswear*, 38 A D 2d 632.) " ' The employment is not limited to the exact moment when the workman reaches the place where he begins his work, or to the moment when he ceases that work. It necessarily includes a reasonable amount of time and space before and after ceasing actual employment, having in mind all the circumstances connected with the accident.' (*Jeffries* v. *Pitnam-Moore Co.*, 83 Ind. App. 159 * * *.) It is sufficient if the accident arises logically out of the employment and the hazards of the way in and out are part of the employment. When the accident happens from the dangers of the premises and the limits of the business there conducted, it is as though it happened upon the premises themselves. A relationship which brings the accident within the range of the employment is all that is required." (*Matter of Leatham* v. *Thurston & Braidich*, 264 App. Div. 449, 451, affd. 289 N.Y. 804.) Under the circumstances,

whether the accident happened as an incident and risk of employment was within the realm of the fact finders, and the record substantiates the board's finding. (*Matter of Notowitz* v. *Rose Towel & Linen Supply Co.*, 36 A D 2d 543, affd. 29 N Y 2d 502; *Matter of Berry* v. *B. Gertz, Inc.*, 21 A D 2d 708.) On April 23, 1971 the board determined that appellant carrier had failed to pay the award of death benefits within 10 days, and affirmed an assessment of a penalty of 20% of the award as provided by section 25 (subd. 3, par. [c]) of the Workmen's Compensation Law. Appellants contend that the 1970 amendments to sections 23 and 25 of the Workmen's Compensation Law are unconstitutional. Sections 23 and 25 of the Workmen's Compensation Law were amended by chapter 585 of the Laws of 1970, effective July 1, 1970. Amended section 23 provides that the filing of a notice of appeal to the Appellate Division will no longer act as a stay of the award, and section 25 now provides that a penalty will be assessed against the carrier if it fails to pay such award within 10 days, even though an appeal to the court has been filed. Section 23 also now provides that if the carrier is successful in the appeal to the courts, that it will be reimbursed for payments so made out of the chairman's fund created under section 151 of the Workmen's Compensation Law. It has long been established that appellants do not have a constitutional right to a stay, and that "A stay is not a matter of right, even if irreparable injury might otherwise result to the appellant". (*Virginian Ry.* v. *United States*, 272 U. S. 658, 672; *Matter of Schwartz* [*Diechmann*] v. *Delaware National Bank*, 39 A D 2d 796.) The amendment to section 23 removing the automatic stay provision previously contained in that section is valid and constitutional. Section 25 (subd. 3, par. [c]) of the Workmen's Compensation Law provides that if the employer or the carrier fails to pay the award within 10 days, a penalty of 20% of the unpaid award shall be imposed. The purpose of the amendment to section 25 is to insure that the injured employee will receive prompt payment of the award, and such penalty provisions have been upheld as valid. (*Matter of Hart* v. *Perkins*, 258 N.Y. 66; *Matter of Beckman* v. *Piels Brewery*, 28 A D 2d 1159; *Matter of Urchenko* v. *City of New York*, 25 A D 2d 804.) Here, the assessment of the penalty was proper. Decision affirmed, with costs to the Workmen's Compensation Board. Staley, Jr., J. P., Greenblott, Sweeney and Kane, JJ., concur; Reynolds, J., dissents and votes to reverse and dismiss the claim in the following memorandum: The board in this case has found that "Decedent was an outside worker and the employer furnished him transportation to and from work" and based its award solely upon that ground. Under the facts of this case this was obviously error. The employer, whose services were performed at different locations depending on where he had a job for that particular day, met his employees at a fixed point each morning (at the corner of Essex Street and Atlantic Avenue in Brooklyn, New York); transported them to the work site for the day and drove them back to the same fixed point at the end of the work day. Clearly they were not outside workers, such as salesmen, traveling salesmen, etc., who have no fixed place to report or work, and usually are covered from the time they leave home until they return. Rather, they were covered while they were on the employer's conveyance, but not before they actually boarded the conveyance or after they left the same. On this state of the record decedent should not have been afforded the increased scope of employment provided to outside employees. Instead, it is evident that the general rule that injuries occurring while an employee is traveling to and from work are not compensable since they are not incurred in the course of employment is applicable here (e.g., *Matter of*

*De Voe* v. *New York State Rys.,* 218 N. Y. 318; *Matter of Trent* v. *Tuttle & Co.,* 20 A D 2d 948). Nor are any of the exceptions to this general rule which have developed over the years applicable in the instant case. Decedent was not injured while traveling or provided on paid transportation (e.g., *Matter of Macaluso* v. *Alexander, Shumway & Utz Co.,* 11 A D 2d 838); nor was he on any "special errand" for his employer (e.g., *Matter of Rapp* v. *Furniture Express,* 16 A D 2d 855): nor was he provided special agreed transportation home after working overtime (cf., *Matter of Sihler* v. *Lincoln-Alliance Bank & Trust Co.,* 280 N. Y. 173). The evidence presented instead indicates that the decedent had been returned to the usual port of debarkation from the truck and had in fact left the truck prior to being struck. At this point he was no longer in employment and what occurred thereafter was not a risk of employment (*Matter of Kostyum* v. *Sheldon Slate Co.,* 259 N. Y. 515; 1 Larson, Workmen's Compensation Law, § 17.40, p. 293). *Kostyum* (*supra*) is the only New York case which treats the fact situation of the present case and is on all fours. In that case compensation was denied to an employee who was hit while crossing the road after having been let off from the employer's truck on the side of the road opposite his home. Although the board did not make any findings or even discuss special risk or special hazard but relied solely upon the theory of outside worker which would cover decedent, if he were such, to his home, the Attorney-General in his brief, obviously realizing that he could not sustain the theory of outside worker (none of the cases he cited were even remotely applicable), embarked upon an expedition to attach to the employer's conveyance situation the special risk doctrine sometimes applicable in premises cases (such as crossing a railroad track to reach employer's premises). The majority opinion also embraces this theory and would extend this rule to employer's conveyances, this, despite the fact that Larson warned against this extension (1 Larson, Workmen's Compensation Law, § 17.40, p. 293). However, it is urged that because of the proximity of the decedent to the truck when the accident occurred or the fact that the position of the ladder required an exit on the driver's side and into the street, an exception should be provided in the instant case. I cannot agree. Such a proximity test applied in cases such as this would result in an "Unending game of fixing a 'reasonable distance' to which protection is extended" (1 Larson, Workmen's Compensation Law, § 17.40, p. 293). Moreover, from the physical evidence present here the decedent must have proceeded some significant distance from the truck, which was parked at the curb, since his body was discovered between the second and third lane of traffic. It is interesting to note the finding in the Referee's decision: "On November 2, 1968 in the evening the employer dropped decedent off at the usual place and while decedent was crossing Atlantic Avenue he was struck and killed by an auto before he was able to reach the north curb of Atlantic Avenue." There is thus nothing in this record which would permit the application of any special risk doctrine, and, of course, the board did not even so find. Accordingly, the decision of the board should be reversed and the claim dismissed.