ALICE MAY SWANSON *vs.* EDWIN B. LATHAM ET AL.
(EDWIN B. LATHAM ET AL. APPEAL FROM COMPEN-
SATION COMMISSIONER.)

* Third Judicial District, New Haven, June Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

In the present case the reasons of appeal alleged that the Compensa-
tion Commissioner erred " in holding " this and that " upon the
evidence "; while the questions reserved by the Superior Court for
advice omitted the phrase " upon the evidence." *Held* that the
questions raised upon the appeal and upon the reservation were
identical, despite these slight differences in form of expression.

Upon an appeal from an award of the Compensation Commissioner
the cause is not to be retried *de novo* in the Superior Court, but is
to be decided upon the finding as made by the Commissioner,
unless that is challenged by the appeal and is found erroneous by
the court, whose power to correct is similar to that exercised by
this court over the finding of the trial court upon a proper appeal
therefrom.

A workman whose contract required his employer to pay the expense
. of his transportation to and from his home while engaged in work
out of town, was killed at a railroad crossing while going home
after his day's work in an automobile owned and driven by a fellow
workman which had been engaged by the employer for that pur-
pose. *Held* that the accident arose out of and in the course of the
decedent's employment, within the meaning of that expression
in the Workmen's Compensation Act; and that the master was
liable not only for the death of this particular workman, but also
for that of the owner and driver of the car who was killed at the
same time.

Argued June 12th—decided July 6th, 1917.

APPEAL by the defendants from the finding and
award of the Compensation Commissioner of the second
district in favor of the plaintiff, taken to the Superior
Court in Tolland County, from which the cause was
transferred by agreement of the parties to the Superior
Court in Hartford County, and reserved by that court,
*Gager, J.,* upon the finding of the Commissioner and

* Transferred from first judicial district.

the evidence before him, for the advice of this court. *Superior Court advised to dismiss the defendants' appeal.*

*Warren B. Johnson* and *Leonard J. Collins,* for the appellants (defendants).

*William A. King* and *Samuel B. Harvey,* for the appellee (plaintiff).

WHEELER, J. The facts essential to the decision of this appeal, as found by the Commissioner, are these:—

The plaintiff is the widow of Andrew S. Swanson, a carpenter, who was employed by the defendants, Latham & Crane, building contractors, of Willimantic, to work upon the Dennis house in Stafford Springs, for the repair of which the contractors had the contract.

The contractors agreed as a part of the contract of employment with Swanson and five other employees, including Osterhout, similarly employed, who lived in or near Willimantic, that they would pay them in addition to their regular wages their transportation charges fixed at ninety cents each day, from Willimantic to Stafford Springs and return. These employees were at liberty to remain in Stafford Springs and use the ninety cents for board, or to return to Willimantic and use it for transportation.

The contractors arranged with Osterhout, one of these workmen, to carry these employees to and from Stafford Springs in his own automobile, operated and maintained by him, for the sum of ninety cents a day for each man. On this particular job the transportation for these men was provided by means of Osterhout's automobile, which the men so used, and the ninety cents for each man was paid by the contractors to Osterhout and charged by them to Dennis and later paid by him.

On December 7th, 1916, about five o'clock in the

Swanson *v.* Latham.

afternoon, while returning from their work in Stafford Springs to their home in Willimantic, the automobile collided with a train at a railroad crossing and Swanson and the other five men in the automobile were killed.

The questions of law reserved are: Did the Commissioner err in holding (1) that the injury to, and death of, the decedent, arose out of his employment with the defendants, Latham & Crane; (2) that the injury to and death of the decedent arose in the course of said employment; (3) that the plaintiff was entitled to compensation by reason of said injury and death; (4) that there was an understanding or agreement between the employers and the Carpenters' Union whereby the former agreed to provide transportation for the decedent; and (5) that it was a part of the contract of employment between the employers and the decedent that the latter was to be carried to and from his work by Osterhout.

These questions, following the correspondingly numbered reasons of appeal, are identical with them, except that in questions three, four and five the words "upon the evidence," appearing in the reasons of appeal after the words "in holding," are omitted. This omission has not changed the purpose or meaning of the reasons of appeal. The questions reserved are, and were intended to be, those contained in the reasons of appeal.

Assignments of error four and five in the appeal from the Commissioner, and questions four and five upon the reservation, were, we presume, intended as statements of error committed by the Commissioner in finding the facts set forth in these assignments,— the words "in holding" being used in the sense of "in finding." We have examined the evidence with care and are of the opinion that the trial court might reasonably have found the facts complained of.

Question three, reserved, which is assignment of error three, is based upon a mistaken conception of the nature of the appeal from the Commissioner. The trial court does not retry the facts. It decides the appeal upon the finding as made by the Commissioner, unless the appeal assigns, as error, the finding or omission to find any facts, and the court finds that facts have been found or omitted which, if found, in accordance with the evidence, would affect the result. The right of the trial court to correct the finding of the Commissioner is similar to that exercised by us upon a proper appeal over the finding of a trial court; and our authority upon appeal from the decision of the trial court, or upon a reservation in a compensation case, does not differ from that exercised by us in the ordinary appeal for errors in the finding of the trial court.

The remaining assignments of error are the holding of the Commissioner that the injury suffered arose in the course of and out of the employment.

The contract of employment between the decedent and the defendants required the decedent to work outside of the place of his residence, Willimantic, if his employer should so desire. And the defendants agreed that while the decedent was at work in Stafford Springs they, as a part of his contract of employment, would convey the decedent from his home to his work and back to his home each day in an automobile provided by them. The work began when the decedent reached Stafford Springs; the employment began when the decedent boarded the automobile at Willimantic, and continued during the trip and during the work and on the return trip to Willimantic. Transportation to and from his work was incidental to his employment, hence the employment continued during the transportation in the same way as during the work. The injury occurring during the transportation, occurred within the

period of his employment, and at a place where the decedent had a right to be, and while he was doing something incidental to his employment because contemplated by it.   The case falls clearly within the construction we have heretofore placed upon the terms of the statute, "arising in the course of the employment."   *Larke* v. *Hancock Mutual Life Ins. Co.,* 90 Conn. 303, 308, 97 Atl. 320.   An injury received by an employee while riding, pursuant to his contract of employment, to or from his work in a conveyance furnished by his employer, is one which arises in the course of and out of the employment.   The injury arose in the course of the employment and while the decedent was being transported to his home, consequently the employment was the proximate cause of it.   It, therefore, arose out of the employment.   For these are the tests to ascertain in a given case whether an injury arose out of the employment.   *Larke* v. *Hancock Mutual Life Ins. Co.,* 90 Conn. 303, 309, 97 Atl. 320.   The Commissioner did not err in the matters reserved.

The Superior Court is advised to render its judgment dismissing the appeal.

In this opinion the other judges concurred.