MARIA SALA *vs.* AMERICAN SUMATRA TOBACCO
COMPANY.

CARMELO SCALIA *vs.* AMERICAN SUMATRA TOBACCO
COMPANY.

(AMERICAN SUMATRA TOBACCO COMPANY'S APPEALS
FROM COMPENSATION COMMISSIONER.)

First Judicial District, Hartford, October Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

An injury received by an employee while riding, pursuant to his con-
tract of employment, to or from his work in a conveyance furnished
by his employer, is one which arises out of and in the course of his
employment.

The defendant's agent told several women, all of whom were foreigners
who had finished their work at a certain tobacco plantation, that
if they wanted employment at the defendant's plantation in an
adjoining town, they should meet an automobile on the following
morning which would carry them, at the defendant's expense, to
their place of work. This they did, and while proceeding in the
automobile it skidded on the slippery road, collided with a tree,
and two of the women were killed. Upon claims for compensation
by their respective dependents, the Compensation Commissioner
found that the injuries to and death of the decedents arose out of
and in the course of their employment, and that their transporta-
tion was an essential part of the contract of employment and reason-
ably incidental thereto; and these conclusions were sustained by
the Superior Court on appeal. *Held* that the evidence was sufficient
to support these findings, and to justify the conclusion that at the
time of the injury the relation which existed between the parties
was that of master and servant, and not that of passenger and car-
rier as contended by the defendant.

Argued October 3d—decided December 17th, 1918.

APPEAL by the defendant from a finding and award
of the Compensation Commissioner for the first dis-
trict in favor of the plaintiff, taken to and tried by the
Superior Court in Hartford County, *Burpee, J.;* the
court affirmed the award and dismissed the appeal, from
which judgment the defendant appealed. *No error.*

Another case, Carmelo Scalia *v.* American Sumatra Tobacco Company, like this in all material respects, was tried with this case and was disposed of in the same way. *No error.*

*Patrick J. Healey,* for the appellant (defendant).

*Michael G. Luddy,* with whom was *Thomas J. Molloy,* for the appellees (plaintiffs).

RORABACK, J.   These two cases were tried together and the findings and questions arising therein are identical.   The questions presented by the appeals are: Did the Superior Court err in affirming the findings of the commissioner upon the evidence, (a) that the injury and death of the decedents arose out of their employment by the American Sumatra Tobacco Company; (b) that· the injury and death of the decedents arose in the course of their employment; (c) that a contract of employment was entered into by the decedents with the Tobacco Company; (d) that a condition of the contract of employment was that the Tobacco Company would transport the decedents from Thompsonville to its South Windsor plantation by automobile, and that such transportation was an essential part of the contract of employment, and was reasonably incidental thereto.

Following the general rule, this court has held that when the finding and award of the commissioner appealed from "are unauthorized in law, irregular or informal, or based upon a misconception of the law, or of the powers or duty of the administrative tribunal, or are so unreasonable as to justify judicial interference, we may, on appeal, set aside the award." *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 149, 150, 93 Atl. 245.

There was evidence which plainly showed that the

claimants were the dependents of Josephine Sala and Catherine Scalia, who were killed when an automobile skidded and collided with a tree in South Windsor, early in the morning of September 25th, 1917. Prior to this date the decedents, with several other women, had been employed picking tobacco at the H. L. Vietts tobacco plantation in Hazardville in the town of Enfield. The American Sumatra Tobacco Company, the defendant, was then engaged in the business of raising, harvesting and marketing tobacco; and among other places had a plantation in South Windsor, upon which, during the harvesting season, it employed women in large numbers. On the 24th day of September, 1917, the defendant instructed its agent, Ralph E. Moody, to employ some women who were quitting work at the Vietts' plantation. The decedents were among these women, all of whom were foreigners and not well versed in the English language. Moody conferred with them and told them that if they wanted work, to meet an automobile at the waiting-station in Thompsonville in the town of Enfield, the next morning, to be transported to the defendant's plantation in South Windsor. On the morning of September 25th, two automobiles owned by Norman H. Stetson, garage and liveryman in Thompsonville, who was regularly employed and paid by the Tobacco Company for that purpose, met the women at the waiting-station in Thompsonville and started for the defendant's plantation in South Windsor. On account of the slippery condition of the road, while upon the public highway in South Windsor, one of the automobiles skidded, causing the death of the Sala and Scalia women and injuring several others.

There is no difficulty in reaching the conclusion that at the time these women were injured there was a contract of employment existing between them and the American Sumatra Tobacco Company. A more serious

question presented by the evidence is,—were they injured before this employment began? The rule has been established "that the employer's liability in such cases depends upon whether the conveyance has been provided by him, after the real beginning of the employment, in compliance with one of the implied or express terms of the contract of employment, for the mere use of the employees, and is one which the employees are required, or as a matter of right permitted, to use by virtue of that contract." *Donovan's Case*, 217 Mass. 76, 78, 104 N. E. 431. There was no direct evidence as to the time when the employment of these women began. The Compensation Commissioner inferred that their transportation was an essential part of the contract of employment and reasonably incident thereto. There was evidence which reasonably supported such a conclusion. Although the decedents, at the time of the accident, had not actually commenced their work upon the tobacco plantation of the defendant company, it is plain that their transportation was a part of the contract of employment with this defendant. When they were injured they were not passengers, paying a stipulated fare for the conveyance to their work. The automobile which skidded and caused the accident in question was furnished and paid for by the defendant company. The relation that then existed between the women and the American Sumatra Tobacco Company was that of master and servant and not that of carrier and passenger. At the time they were injured they were laborers in the employ of the Tobacco Company. *Pigeon* v. *Lane*, 80 Conn. 237, 240, 67 Atl. 886; *Kilduff* v. *Boston Elevated Railway Co.*, 195 Mass. 307, 308, 309, 81 N. E. 191. This being so, the case is like *Swanson* v. *Latham*, 92 Conn. 87, 101 Atl. 492, in which we stated (p. 91) that "an injury received by an employee while riding, pursuant to

his contract of employment, to or from his work in a conveyance furnished by his employer, is one which arises in the course of and out of the employment."

There is no error.

In this opinion the other judges concurred.