Corvi *v.* Stiles & Reynolds Brick Co.

————◄━●►◄————

ERMINA CORVI ET AL. *vs.* THE STILES AND REYNOLDS BRICK COMPANY ET AL.

First Judicial District, Hartford, October Term, 1925.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and JENNINGS, Js.

When the method of approach to the place of employment subjects the employee to an unusual and peculiar risk, the question whether an injury arising therefrom is compensable, depends upon whether the risk has been annexed as an incident to the employment by express agreement of the parties or by their conduct.

For many years, the defendant employer knew of, and acquiesced in, the practice of certain of its employees, including the plaintiff's husband, to go to and from its plant by crossing the railroad tracks immediately adjacent thereto and by following a beaten path across vacant land leading to their homes on South Street. This route was considerably shorter than that which it was necessary to follow in order to reach a bridge constructed over the tracks. While returning to the factory from lunch, the plaintiff's husband was struck and killed by a railroad train. The compensation commissioner concluded that his death arose out of and in the course of his employment and made an award in favor of the plaintiff. *Held* that this conclusion was supported by the subordinate facts.

Argued October 7th—decided October 17th, 1925.

APPEAL by the defendants from a finding and award of the Compensation Commissioner of the first district in favor of the plaintiffs, taken to the Superior Court in Hartford County and reserved by the court (*Brown, J.*) for the advice of this court. *Superior*

*Court advised to sustain the award of the Commissioner.*

The commissioner found as follows: The decedent was employed in a brick-making establishment conducted by the defendant Brick Company, on land lying in part in Berlin and in part in New Britain. This land lies adjacent to the main line of the New York, New Haven and Hartford Railroad Company, Hartford Division, on the easterly side thereof. Many employees of the Brick Company live upon South Street in New Britain, on the westerly side of the railroad track, and they approach and leave the plant along a well traveled path which is located as follows: Beginning on the southerly side of South Street, it runs in a southerly direction across the land of one Holmes to the westerly side of the railroad tracks, thence over a beaten path along the side of the tracks, in all about fifteen hundred feet, to a point opposite the plant; the employees then cross the tracks at a favorable opportunity and enter the plant. One Ronketti, a foreman of the Brick Company, had lived on South Street about ten and one half years while so employed, and had always used such path in going to and from work, and the decedent had often accompanied the foreman. The employees living on South Street also could have reached the plant by going easterly along South Street, across the tracks over a bridge, and thence easterly to Christian Lane, so-called, and thence southerly along Christian Lane to the plant. The way along the path above described was the shorter route in distance, and in time saved from five to seven minutes.

On March 21st, 1925, decedent left the plant of the employer-respondent at about 12 o'clock noon, the usual hour, went home, had his dinner, and left home, as was his usual custom, at about 12:45 o'clock to

return to work. He went across Holmes' land from South Street, along the diagonal beaten path hereinbefore described, thence along the railroad path on the westerly side of the tracks to a point about opposite respondent's plant. When he reached this point, which was around one o'clock, the hour for resuming the afternoon work, a switch engine was working on a siding nearby, apparently shunting cars, and the commissioner finds that it was making some degree of noise. Decedent was seen to start across the track from the westerly side. A southbound train operating on the railroad struck him and caused injuries from which he died shortly afterward. The deceased did not notice the approach of the train because of the distraction caused by the switching operations.

The compensation commissioner also found as follows: The employer had knowledge over a long period of time that some of its employees used this path and thus crossed the railroad on their way to and from work and had never objected to the use of the path and to the crossing of the railroad, but, on the other hand, had acquiesced in its use by them. The employer contemplated that certain of its employees living west of the tracks would use this route in going to and from work.

The decedent had reason to believe, and did believe, that the employer intended him to use this path which he had used in going to work on the day in question as a means of getting to and from his work and his home.

The injuries and death of the decedent were not due to skylarking or horseplay, or to serious and wilful misconduct, or to the intoxication of the decedent, and arose out of and in the course of the decedent's employment.

*Warren Maxwell,* for the appellants (defendants).

*S. Gerard Casale,* for the appellees (plaintiffs).

CURTIS, J.   The commissioner reached the conclusion that the injury which caused the death of the decedent arose out of and in the course of his employment.

The question presented to us by this record is whether, under the subordinate facts found, that conclusion could be legally and logically drawn from them.

No question is raised by the appeal relating to a correction of the finding of the commissioner.

When a certain method of approach to a plant involves the subjection of an employee to a peculiar risk, as in crossing a railroad track, the question whether such a risk is an incident of the employment and hence compensable, if an injury to an employee arises from his subjection to it, depends upon whether the cause of injury is a risk annexed as an incident to the employment by express agreement or by the conduct of the parties. . There was no express agreement that the employees living west of the tracks should approach or leave the plant by the path described above.   Was the conduct of the Brick Company and its employees who lived on South Street west of the railroad tracks such that it could be legally and logically concluded therefrom, that the use of such path and approach to the plant, with its attendant dangers from trains moving on the tracks, was a risk annexed to or incident to the employment?   The finding discloses that such beaten traveled path existed and had been used by employees living west of the tracks on South Street for many years; that the Brick Company had never objected to this use of the path, but that it knew that its employees so used the path and it acquiesced in this use, and contemplated that they would so use the path,

and the employees living on South Street believed that the Brick Company intended them to so use the path. A foreman of the company had so used the path more than ten years, and the injured employee knew that he had so used it. The use of the path, by shortening the route, added from five to seven minutes to the dinner hour of the employees, and thereby added to their comfort and diminished the likelihood of their being tardy at the plant, and so benefited the employer.

In view of these facts, the conclusion of the commissioner that the using of this path as a way of approach to the plant by employees living west of the tracks was a risk annexed, by the conduct of the parties, as an incident to the employment, and hence that the injuries causing the death of the decedent arose out of and in the course of the decedent's employment, were conclusions legally and logically drawn from the subordinate facts. For analogous rulings, see *Procaccino* v. *Horton & Sons,* 95 Conn. 408, 111 Atl. 594; *Sundine's Case,* 218 Mass. 1, 105 N. E. 433; *Cudahy Packing Co.* v. *Parramore,* 263 U. S. 418, 44 Sup. Ct. 153.

The Superior Court is advised to confirm the award of the commissioner.

In this opinion the other judges concurred.