MARIA ROSA SABA *vs.* THE PIONEER CONTRACTING
COMPANY ET AL.

Third Judicial District, Bridgeport, October Term, 1925.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

If an injury to an employee arises from a risk incidental to his employment and occurs while he is doing something to which his employer has expressly or tacitly consented, the mere fact

that he is not, at the time, engaged in the performance of the particular work for which he is employed, will not serve to remove his injury beyond the scope of his employment.

On the day before the plaintiff's husband commenced work for the defendant upon a highway improvement job located at some distance from his home, and owing to the inability of the defendant's foreman to show him where to go, he, together with other employees residing in his district, was instructed by the defendant's superintendent to meet on the following morning, and ride to work upon a truck which belonged to, and was being used by, a subcontractor on the job. Thereafter, with the defendant's knowledge and with its expectation that the practice would continue, this group customarily rode to and from work on the same truck, although it was not hired for the purpose by the defendant, nor was it in any way under its direction or control. While riding to work one morning, the plaintiff's husband fell off the truck, and received injuries from which he subsequently died. The compensation commissioner made an award in favor of the plaintiff, which the Superior Court affirmed upon appeal. *Held* that the Superior Court did not err.

Argued November 6th—decided December 23d, 1925.

APPEAL by the defendants from a finding and award of the Compensation Commissioner for the fourth district in favor of the plaintiff, taken to the Superior Court in Fairfield County and tried to the court, *Ells, J.;* judgment rendered dismissing the appeal and affirming the finding and award, from which the defendants appealed. *No error.*

The commissioner found the facts as follows: The respondent-employer entered into a contract with the town of Greenwich, for the improvement of a public highway in Mianus, three or four miles east of the center of Greenwich. This contract began in the summer of 1923, and work was still being done in accordance with the contract in December, 1923. The deceased, John Saba, was employed by the defendant employer in connection with this work. A number of the men employed on this job lived in what is called the Hamilton Avenue school district in Greenwich, about six miles from where the defendant employer

was repairing the road. The day prior to the commencement of this job, the superintendent of the defendant employer instructed the deceased and the other employees who lived in that district, to meet a truck of a subcontractor whose truck was working on that job, at the Hamilton Avenue school to be taken to the job. It was thereafter the custom of the workmen living in that district to meet at the Hamilton Avenue school, and ride to the place of employment on that motortruck. The defendant employer did not pay for the truck for transporting the men to the job, but it knew that this was being done each day, and criticized the driver of the truck if he was late getting the men to work. The deceased was following the instructions given by the superintendent of the defendant employer, in thus riding on this truck. On the morning of December 19th, 1923, the deceased, with such other employees, boarded the truck at the Hamilton Avenue school, to ride to the job. While riding on this truck the deceased stood up to rub his hands because of the cold weather, and as he was doing this, fell off the truck, and in consequence of the fall died a short time later, while on the way to the hospital. The commissioner found that the deceased sustained an injury arising out of and in the course of his employment, from which he died on December 19th, 1923, and that the plaintiff claimant is entitled to compensation.

*Warren F. Cressy*, for the appellants (defendants).

*Dominic A. Roina*, for the appellee (plaintiff).

CURTIS, J. Before the commissioner, the defendants moved for a correction of the finding in the following particulars. By adding after paragraph ten thereof the following·

"10a. The instruction to the men to meet the truck on the first morning of their employment, at the Hamilton Avenue School, to be taken to the job, was given because the foreman, Ignazzio Firantello, was unable to go with the men to the job, and they did not know where the work was.

"10b. The truck upon which the decedent was riding at the time he was injured, was not under the control of the employer, nor had he any right to direct its movements.

"10c. The movements of the decedent, Saba, were not under the control of the employer, before he arrived on the job at 8 o'clock a. m., or after he left there at 4:30 o'clock p. m. Whether he went home upon this truck or in some other way, or whether he arrived at the job by the truck in question or by some other method, was not in any manner included in the contract with the employer, nor under the employer's control.

"10d. The employment of the deceased, and his pay began when he arrived at the job at 8 o'clock in the morning and ceased at 4:30 o'clock in the afternoon."

This motion the commissioner denied. To this ruling the defendants duly excepted, and filed therewith certain exhibits of testimony by various witnesses, and the commissioner duly certified that each exhibit contained a portion of the evidence given in the case. The above ruling of the commissioner denying the motion for correction was a ground of appeal to the Superior Court. That court ruled that there was no error in such ruling of the commissioner. This motion to correct should have been granted, except as to the fourth paragraph of the claimed addition to paragraph ten.

The question presented by this record is whether, under the facts found by the commissioner and cor-

rected as above, the conclusion could legally and logically be drawn that the injury arose in the course of and out of the employment.

On the first morning of the employment, the employees living in the Hamilton Avenue school district were told by the defendant employer's superintendent to take a certain motortruck at the schoolhouse and ride to the job. They did so, and continued so to do during their employment, to the knowledge of the defendant and in accord with the defendant's expectation. These employees were not informed of the relations between the owner of such truck and the defendant, in relation to their transportation. Under the facts found the employer arranged for their transportation. Whether this was arranged for by pay to the truckman, or by the gratuitous willingness of the truckman to do a favor to his employer, was not disclosed to the workmen. The employer did not specifically contract with the workmen to transport them, but assumed the obligation to transport them, by directing the deceased and other employees to ride on this truck, and by its knowledge of the continued practice of the workmen so to ride and not interrupting it.

It is true that the actual employment of these workmen for stated pay did not begin until they arrived on the job and began work, but when an employee mounted the truck at the employer's direction to go to the job, in accord with the employer's contemplation of what his conduct would be in going to the place of the job, he came within the zone of his employment as contemplated by his employer. The mere fact that the time spent on the truck was not time for which, by his contract of employment, he was paid for, is immaterial, in view of the facts found.

In *Merlino* v. *Connecticut Quarries Co.*, 93 Conn.

57, 59, 104 Atl. 396, we say: "In *Mann* v. *Glaston-bury Knitting Co.,* 90 Conn. 116, 96 Atl. 368, we pointed out that where an injury arising from a risk of the business is suffered while the employee, though not doing the work for which he was employed, is still doing something which his employer has expressly or tacitly consented that his employees might do, incidentally to their employment, at that time and place, the injured employee is within the scope of his employment."

This principle has been applied by us in *Procaccino* v. *Horton & Sons,* 95 Conn. 408, 111 Atl. 594, and in *Corvi* v. *Stiles & Reynolds Brick Co.,* 103 Conn. 449, 130 Atl. 674, to cases where the peculiar dangers involved in a method of approach to a place of work, as contemplated by the employer, have been held to be annexed as a risk incident to the employment. This is so, independently of whether the time of approach is before the actual time for which pay is given.

The case at bar differs essentially from the case of *Diaz* v. *Warren Brothers Co.,* 95 Conn. 287, 111 Atl. 206, upon which the defendants rely; in that case the employee, upon his own motion, sought to ride from the place of employment on a truck not owned by the employer but engaged on the same job. The injured workman was not directed to ride on the truck by his employer, and his riding on the truck was not made an incidental risk of the employment by the direction or contemplation of the employer. It was an independent transaction on the part of the employee in no way connected with the employment by the employer.

Under the facts found, the defendant employer had annexed the dangers involved in transportation to the job by the motortruck in question as a risk incident to the employment of such workmen on the job; and

therefore the injury arose in the course of and out of the employment.

There is no error.

In this opinion the other judges concurred.