HILMA JOHNSON *v.* DORIS H. WIESE ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued February 7—decided March 8, 1939.

*Louis Y. Gaberman,* with whom was *Isaac J. Kunik,* for the appellant (plaintiff).

*Warren Maxwell,* for the appellees (defendants).

HINMAN, J.   The question raised by this appeal is the validity of the trial court's conclusion that the plaintiff's injuries arose out of and in the course of her employment.   The defendants, husband and wife, conducted an inn in Woodbury, and were subject to the Workmen's Compensation Act.   On June 1, 1937,

they entered into a contract with the plaintiff, who resided in New York City, whereby she agreed to work for them as cook in their hotel, starting work on June 4th. No particular period of employment was agreed upon. It was agreed that the plaintiff should go by train on June 3d from New York to Waterbury, where she would be met by the named defendant and transported to Woodbury, she to be reimbursed by the defendants for her railroad fare and the transportation from Waterbury to Woodbury to be at their expense. She did so, and her injuries were incurred while she was being transported by the defendants from Waterbury to Woodbury.

One of the recognized exceptions to the general rule that employees are not to be regarded as in the course of their employment while going to or returning from the place of their employment is "where the employer contracts to and does furnish transportation to and from work." *Whitney* v. *Hazard Lead Works,* 105 Conn. 512, 518, 136 Atl. 105; *Flanagan* v. *Webster & Webster,* 107 Conn. 502, 504, 142 Atl. 201. Although actual work only commences at the place where, by the contract, it is to be performed, when transportation to that place is provided by the employer, under express or implied agreement, the employment includes the period of transportation, for that is, by the terms of the employment, made incidental to it. *Flanagan* v. *Webster & Webster,* supra, 505. Employment may exist before actual work begins or continue after actual work has ceased. *Carter* v. *Rowe,* 92 Conn. 82, 83, 101 Atl. 491; *Wabnec* v. *Clemons Logging Co.,* 146 Wash. 469, 471, 263 Pac. 592. The cases in which we have heretofore had occasion to apply the exception above mentioned have been instances, which naturally are the most common, where the employee was being transported by the employer

on the day when the work was to be done and under agreement to provide conveyance both to and from work. *Swanson* v. *Latham,* 92 Conn. 87, 10 Atl. 492; *Flanagan* v. *Webster & Webster,* supra, 505; *Sala* v. *American Sumatra Tobacco Co.,* 93 Conn. 82, 105 Atl. 346.

The main contention of the appellant is that in order to render the exception applicable there must be an agreement for transportation not only to but also from the place of the actual work and that therefore the present case does not come within it. While in the above cases the exception has been stated as applying to agreed transportation to and from work, and applied to conveyance on the day the work was to be done, as was appropriate to the factual situation, there is no indication therein of an intention to confine it to such instances to the exclusion of agreements for conveyance in one direction only or at a time which, although prior to the day of beginning actual work, is reasonable in view of the circumstances, as in the instant case where the distance involved required travel the day before; nor is there any discernible reason in principle why the exception should not apply thereto.

There is no error.

In this opinion the other judges concurred.