### George Taylor *v.* M. A. Gammino Construction Company et al.

Maltbie, C. J., Avery, Brown, Jennings and Ells, Js.

Argued December 5, 1940—decided February 7, 1941.

*Harold K. Watrous,* with whom was *Eugene A. Massey,* for the appellants (defendants).

*Henry J. Goldberg,* with whom was *John W. Joy,* and, on the brief, *Jacob Schwolsky,* for the appellee (plaintiff).

ELLS, J. The plaintiff, a boss carpenter with the rating of assistant superintendant, had worked on a job in East Hartford until 3 o'clock in the morning because of an emergency. He asked his boss how he was to get to his home in Hartford, and was given permission to use a pick-up truck belonging to the employer. The emergency continued, and on the following day he worked until the early morning hours. He assumed because of what happened the day before that it was agreeable to the employer that he again go home in one of the pick-up trucks. He took one, and while driving directly home, at about 4 o'clock in the morning was involved in a collision, and injured. An eight week incapacity to work resulted. The commissioner concluded that at the time of his injury he was reasonably fulfilling the duties of his employment and that the accident arose out of and in the course thereof.

The defendants' motion to correct the finding in several vital respects was denied, and this refusal by the commissioner and by the Superior Court is the first reason of appeal. The corrections sought would cause the finding to state that no permission was given on the night of the accident, that the boss had no authority to give permission, and that it was the rule of the defendants that the pick-up truck was not to be used by employees for transportation home. It is well established that upon an appeal to the Superior Court from a finding and award of a compensation commissioner the court cannot retry the facts. " 'The court cannot review conclusions of fact made by a commissioner which merely concern the weight of evidence and the credibility of witnesses. . . . The foundation underlying the power which the Superior Court exercises in correcting the finding of a commissioner is its right to correct the finding when it is so unreasonable

as to justify judicial interference'." *Fiengo* v. *E. Vitale, Inc.,* 125 Conn. 559, 562-563, 7 Atl. (2d) 385, and cases there cited. The evidence discloses nothing to indicate that the plaintiff admitted any of the claimed facts which the defendants sought to add, nor that any facts were found without evidence. The defendants' superintendent testified that on the first night he told the plaintiff he could use the pick-up, because he knew he would be working until late in the morning. He did not recall that the plaintiff asked permission the second night. The plaintiff thought he did expressly ask permission on the night of the accident. The superintendent testified that the pick-up was on the job to be used for the advantage of the job. "Every one takes it as long as it is for the job." He was asked the following question: "And if he did not stay there because of no way of getting home it would be part of the job—for the interests of the job to let him have a pick-up?" His answer was: "Well under those conditions I would say yes under those emergency conditions." It is apparent that the defendants have no cause to complain of the finding.

The major issue on the appeal concerns the conclusion that the accident arose out of and in the course of the employment. The rights to compensation of persons injured on public highways while going to and from work have been considered by us in numerous cases. From them can be deduced the principles of law applicable to the present case. An employer may by his dealing with an employee or employees annex to the actual performance of the work, as an incident of the employment, the going to or departure from the work; to do this it is not necessary that the employer should authorize the use of a particular means or method,—although that element, if present, is important; it is enough if it is one which, from his knowl-

edge of and acquiescence in it, can be held to be reasonably within his contemplation as an incident to the employment, particularly where it is of benefit to him in furthering that employment. Thus in *Procaccino* v. *Horton & Sons,* 95 Conn. 408, 111 Atl. 594, and *Corvi* v. *Stiles & Reynolds Co.,* 103 Conn. 449, 130 Atl. 674, the conduct of employees in using a private crossing over a railroad track to go to and from work was held to be annexed to the employment as an incident so that an employee injured by a train could recover, and in the latter (p. 453) the question was distinctly treated as one of fact. In *Saba* v. *Pioneer Contracting Co.,* 103 Conn. 559, 131 Atl. 394, the first day the employee went to work he and others were instructed to ride to work upon a truck belonging to a subcontractor, and thereafter they followed that custom; the employer paid nothing to the truckman, but knew of the practice and criticized him if he was late; the transportation was held an incident to the employment and compensation was allowed. In *Drouin* v. *Chelsea Silk Co.,* 122 Conn. 129, 133, 134, 187 Atl. 904, we say: "The law is clear that to render an employer liable under the Compensation Act for injuries sustained by an employee outside of the employer's premises, as here, resulting from some peculiar danger involved in the course taken or means used by him in coming to or going from work, it must appear that such danger was a risk annexed to the employment by the employer's contemplating and acquiescing in the use thereof by the employee," citing the three cases discussed above. We held, on the facts of the case, that the conclusion of the commissioner that the hazard was not annexed to the employment by consent of the employer, either express or implied, was reasonably supported by the subordinate facts found. In *Johnson* v. *Wiese,* 125 Conn. 238, 239, 5 Atl. (2d) 19,

we say that when transportation is provided by the employer under express or implied agreement, "the employment includes the period of transportation, for that is, by the terms of the employment, made incidental to it." Other cases of workmen injured in going to and from work where the question as to that course being an incident to the employment was considered are: *Flanagan* v. *Webster & Webster,* 107 Conn. 502, 505, 142 Atl. 201; *Boulanger* v. *First National Stores, Inc.,* 115 Conn. 665, 669, 163 Atl. 261; see, generally, *Guiliano* v. *O'Connell's Sons,* 105 Conn. 695, 702, 136 Atl. 677; *Stakonis* v. *United Advertising Corp.,* 110 Conn. 384, 390, 148 Atl. 334; as to the importance of mutual benefit in the situation, see *Smith* v. *Seamless Rubber Co.,* 111 Conn. 365, 150 Atl. 110.

The defendants rely on *Orsinie* v. *Torrance,* 96 Conn. 352, 113 Atl. 924, and *DeRosa* v. *Levering & Garrigues Co.,* 111 Conn. 655, 151 Atl. 246. In both cases there are elements strongly distinguishing them from the one before us. In the *Orsinie* case the employer did not furnish transportation, hence the injury did not rise out of a hazard of transportation which he furnished. In the *DeRosa* case the means of conveyance, a motorcycle, was not known to or acquiesced in by the employer.

We cannot say that the facts found in the present case do not support the commissioner's ultimate conclusion that the accident arose out of and in the course of the plaintiff's employment. He could reasonably reach the conclusion, necessarily involved in the award though not expressly stated, that the means taken by the plaintiff to get home was an incident annexed to the employment, particularly as it was definitely for the employer's benefit, under the circumstances, that the plaintiff be supplied with that means.

This was no ordinary contract of employment. An emergency existed, requiring the attendance of the boss carpenter, with the rating of assistant superintendent, until an hour of the early morning when he had no way to get to his home in the next town except by using the truck. On the first night of the emergency he had asked how he was to get home and was told to use one of the pick-ups. The emergency continued, and he worked the next night until the same late hour. The same problem existed concerning transportation home. According to the testimony of officers of the defendant employer, already referred to, the truck was on the job for general incidental use and it was, under the circumstances of emergency, for the interest of the employers that the plaintiff take it to go home, and if the accident had not occurred probably nothing would have been said about his taking it. That the hazard attending its use "was a risk annexed to the employment by the employer's contemplating and acquiescing in the use thereof by the employee," *Drouin v. Chelsea Silk Co.*, supra, is not, under the circumstances of this case, an unreasonable and illogical conclusion, and must stand.

There is no error.

In this opinion the other judges concurred.