Ellen J. Flodin et al. *v.* Henry & Wright Manu-
facturing Company et al.

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued June 14—decided July 20, 1944.

*Louis M. Schatz,* with whom, on the brief, was
*Nathan A. Schatz,* for the appellants (plaintiffs).

*Edward S. Pomeranz,* for the appellees (defend-
ants).

Jennings, J. The plaintiffs are the dependents of
Fritz Flodin, who, at the time of his injury and re-
sulting death, was an employee of the Henry & Wright
Manufacturing Company, hereinafter called the de-
fendant. The defendant owns a factory and a con-
siderable tract of land on the east side of Windsor
Street in Hartford. The street line in front of the fac-

tory is seven feet from the curb, and a four-foot sidewalk is located midway between the two. The employees' entrance is in the north wall of the factory, about fifty feet east of the curb. It opens on an approach which extends westerly to Windsor Street. Flodin, in common with others, was required to use this approach and side entrance in going to and returning from work. These could not be reached except by passing over the sidewalk in front of the defendant's premises and this use of that sidewalk by Flodin was contemplated by the defendant. On February 11, 1943, the streets of Hartford were in a generally icy and slippery condition, and this was true of the sidewalk in front of the defendant's factory. Flodin's work began at 7 o'clock. At about 6:45 that morning, while on his way to work, Flodin slipped, fell and was injured on the public sidewalk directly in front of his employer's factory. The commissioner, and the Superior Court on appeal, concluded that the risks assumed by him were those common to the traveling public and not those arising out of his employment or as incidental thereto, and that the accident did not arise out of and in the course of his employment. The appeal was dismissed and the award for the defendant affirmed.

The plaintiffs do not dispute the general principle, well established in this state, that "employees whose area of employment is within defined limits, are not regarded as in the course of their employment while going to and returning from work upon the public highways; nor do the risks incidental to travel on such highways ordinarily arise out of their employment." *Lake* v. *Bridgeport,* 102 Conn. 337, 342, 128 Atl. 782. They claim, in substance, that since the defendant presumably owned the fee of the land to the center of the street (*Allen* v. *Mussen,* 129 Conn. 151,

155, 26 Atl. [2d] 776) Flodin was on its premises when he was hurt and that the defendant was therefore liable under the statute. They also claim that the use of this sidewalk by the employees with the knowledge of the defendant involved a risk peculiar to the employment and became a condition of it under the doctrine of such cases as *Corvi* v. *Stiles & Reynolds Brick Co.*, 103 Conn. 449, 452, 130 Atl. 674.

General Statutes, § 5226, provides for payment of compensation to an employee for personal injuries "arising out of and in the course of his employment." Section 5223 defines these terms as follows: "The words 'arising out of and in the course of his employment,' as used in this chapter, shall mean an accidental injury happening to an employee . . . originating while he shall have been engaged in the line of his duty in the business or affairs of the employer upon the employer's premises, or while so engaged elsewhere upon the employer's business or affairs by the direction, express or implied, of the employer."

The word "premises" has not been defined in Connecticut in connection with this particular statute. *Bates* v. *Connecticut Power Co.*, 130 Conn. 256, 259, 33 Atl. (2d) 342, is concerned with § 5230. A definition quoted therein, at page 261, is not, however, without significance here: "Speaking of 'premises,' *Buckley, L. J.*, in *Andrews* v. *Andrews & Mears*, [1908] 2 K. B. 567, 570, says: 'That word implies some definite place with metes and bounds, say land, or land with buildings upon it. A public street is not, in my opinion, within these words at all.'" The man in the street would be surprised to find that in walking along a public sidewalk passing the houses of A, B, C and D he was successively on the premises of A, B, C and D. The extent of the rights of the public and, by inference, the very limited rights of the abutting owner

are discussed in *Arborio* v. *Hartford Electric Light Co.,* 130 Conn. 592, 596, 36 Atl. (2d) 384.

The word "premises" is less inclusive than "property" and ordinarily does not include the sidewalk in front of the place of employment. 1 Campbell, Workmen's Compensation, § 167; *Wiles* v. *American Oil Co.,* 105 Pa. Super. 282, 285, 161 Atl. 467; *Krebs* v. *Industrial Commission,* 200 Wis. 134, 227 N. W. 287. "To be considered as happening on the 'premises' of the employer the accident must have occurred on property owned, leased or controlled by the employer and so connected with the business in which the employee is engaged, as to form a component or integral part of it." *Feeney* v. *N. Snellenburg & Co.,* 103 Pa. Super. 284, 287, 157 Atl. 379. While here the defendant presumably was the owner of the sidewalk in a very limited sense, it was an integral part of the highway rather than of the defendant's property. Premises "has reference to lands or buildings regarded as separate units or entities, with differing characteristics, presumably occupied separately and bounded or limited in some manner. . . . 'The premises' is not an apt expression to designate areas devoted to public ways all of which together form one continuous system." *Doherty's Case,* 294 Mass. 363, 366, 2 N. E. (2d) 186; see also 1 Schneider, Workmen's Compensation Law (2d Ed.), § 266.

This discussion makes any extended consideration of the plaintiff's claim that the use of the sidewalk was a condition of the employment unnecessary. The Connecticut cases are reviewed in *Lake* v. *Bridgeport,* supra, and *Taylor* v. *M. A. Gammino Construction Co.,* 127 Conn. 528, 18 Atl. (2d) 400. In the necessary use of the sidewalk in front of the defendant's factory to reach his place of employment, Flodin was exercising a right which was his own, a right which differed

neither in kind nor degree from that enjoyed by any other member of the general public. It cannot be assumed that he was relying on any implied direction or consent of the defendant. The risk was not peculiar to the employment nor was it annexed thereto. The fact that the employer "contemplated" that Flodin would use the sidewalk is not sufficient to take it out of the general rule. *Drouin* v. *Chelsea Silk Co.*, 122 Conn. 129, 134, 187 Atl. 904; *Bryan* v. *T. A. Loving Co.*, 222 N. C. 724, 729, 24 S. E. (2d) 751. The conclusion of the commissioner was warranted by the facts found.

For the reasons stated we disagree with the conclusions reached in *Barnett* v. *Britling Cafeteria Co.*, 225 Ala. 462, 143 So. 813, and *LeBlanc* v. *Ohio Oil Co.*, 7 La. App. 721, relied on by the plaintiffs.

There is no error.

In this opinion the other judges concurred.