VERONICA PUFFIN *v.* GENERAL ELECTRIC COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 8—decided July 12, 1945.

*Arthur M. Comley,* with whom was *Henry J. Lyons,* for the appellant (defendant).

*Benedict S. Moss,* with whom, on the brief, was *Samuel Reich,* for the appellee (plaintiff).

DICKENSON, J. The plaintiff, while in the employ of the defendant, suffered burns when a spark from a

match with which she was lighting a cigarette set fire to her sweater. She was awarded compensation and the award was confirmed by the trial court. The defendant has appealed on the sole ground that the injury did not arise out of her employment.

The commissioner's finding is not attacked. The facts are as follows: The plaintiff was employed in the defendant's factory as a pieceworker. The defendant maintained a service room for the rest, relaxation and refreshment of its employees where smoking was permitted and ash trays provided. Cigarettes were sold to employees in another part of the factory. On January 27, 1943, the plaintiff was working on a 3 p.m. to 11 p.m. shift, and at 10 p.m., which was a designated rest period, she went to the service room. She was wearing a "fluffy" angora sweater. She struck a match to light a cigarette and a spark flew from this, lodged in the fabric of her sweater and set it afire, causing severe burns. No regulation of the defendant prescribed the character of clothing to be worn by its employees, nor was the plaintiff ever cautioned or instructed as to this. The permission to smoke given by the defendant to its employees was for the mutual advantage of both. The commissioner concluded that the plaintiff's injury arose in the course of and out of her employment and the trial court sustained the ruling. The defendant concedes that the injury arose in the course of the plaintiff's employment, but claims it did not arise out of it.

*Lovallo* v. *American Brass Co.*, 112 Conn. 635, 153 Atl. 783, presents a comparable situation factually except in one respect. There the employee set fire to his clothing during a lunch hour in the employer's mill with a spark from a match while lighting his pipe. His clothes, however, were inflammable because they were covered with grease and oil as a result of handling

greasy and oily scrap metal in the course of his work. He was permitted to wear cotton jumpers and overalls and to protect his clothing by using a burlap bag, which was highly inflammable, as an apron. The match ignited this and his oily clothing. He received an award of compensation which this court sustained. We stated in that case (p. 641) that the half hour for lunch, rest and smoking was a fixed incident of the employment, and that danger from permitted smoking was peculiar to the employment since it included only the men thus employed and was not a risk to which any member of the general public was exposed. We added that, because of the inflammable character of the employee's clothing, resulting from the conditions of his employment, he was exposed to a different and greater risk than he would have been exposed to except for those conditions. While it might be assumed from this statement that the fact that the inflammable condition of the employee's clothes arose from the nature of his employment was decisive of his right to compensation, we stated the basic principle in the later case of *Savage* v. *St. Aeden's Church,* 122 Conn. 343, 189 Atl. 599, where we said (p. 348): "The hazard is peculiar to the employment because it is incidental to and grows out of the conditions of the employment and not because it should be foreseen or expected, or because it involves danger of serious bodily injury. We have never held that the conditions of the employment must be such as to expose the employee to extraordinary risks in order to entitle him to compensation in case of injury. The risk may be no different in degree or kind than those to which he may be exposed outside of his employment. The injury is compensable, not because of the extent or particular character of the hazard, but because it exists as one of the conditions

of the employment." We cited *Ryerson* v. *Bounty Co.*, 107 Conn. 370, 378, 140 Atl. 728.

The claim of the defendant is that the injury was not incidental to the employment because it might as readily have occurred outside the employment, and that it resulted from the fact that the plaintiff wore peculiarly inflammable clothing. The fact is that it did not occur outside the employment but in the course of it and incidental to a practice authorized by the defendant, restricted to its employees and not inclusive of the general public. That the inflammable nature of the employee's clothing was an immediate cause is not vital. The defendant made provisions for smoking in the service room and none as to the dress of his employees while using it; he left it to their free choice to wear whatever they wished. The defendant must be assumed to know that women's dresses are of some degree of inflammability. While it is found that the plaintiff's sweater was highly inflammable, it is not found that it was an unusual article of clothing for a woman to wear. "Where an employer has knowledge, actual or constructive, of the conditions under which the employment is actually being carried on and permits them to continue, they become conditions of the employment." *Stulginski* v. *Waterbury Rolling Mills Co.*, 124 Conn. 355, 361, 199 Atl. 653. The conditions of employment are not confined to those which the employer creates. Id. at 360; *Marchiatello* v. *Lynch Realty Co.*, 94 Conn. 260, 108 Atl. 799; *Mascika* v. *Connecticut Tool & Engineering Co.*, 109 Conn. 473, 147 Atl. 11.

The trial court was not in error in ruling that the plaintiff, who concededly was injured in the course of her employment, was also injured because of it.

There is no error.

In this opinion MALTBIE, C. J., JENNINGS and ELLS, Js., concurred.

BROWN, J. (dissenting). As this court well said in *Mann* v. *Glastonbury Knitting Co.,* 90 Conn. 116, 121, 96 Atl. 368: ". . . an act which is quite outside of the servant's duties . . . cannot be brought within the scope of the employment except by proof of the special assent of the employer, actual or imputed. . . . Further than that we cannot go, because the relation is contractual, and, except by a valid exercise of the police power, its terms cannot be enlarged or varied without the consent of both parties." In striking the match which set fire to her sweater, the plaintiff was engaged in an act entirely outside of her duties as a pieceworker in the defendant's factory. In the absence of special assent, the defendant is not liable. Upon the facts found, such assent to smoking and its incidents, by employees reasonably clad for their work, may fairly be imputed. In my opinion this imputation of special assent cannot, however, properly be held to extend to the hazard which this plaintiff herself had created by wearing a costume so patently unsuited to her employment as the finding indicates. Suppose, as suggested by the defendant's counsel, that the plaintiff's claim had been for choking on a chicken bone swallowed while eating a lunch which she had brought. Could assent to this hazard be imputed to the defendant? The question carries its own answer. For like considerations, in my judgment assent should not be imputed in the case before us.

For the reason stated, I conclude that there was error and that judgment should be directed for the defendant.