NATHAN KATZ *v.* PINNEY KATZ ET AL.

BROWN, C. J., JENNINGS, BALDWIN, O'SULLIVAN and MURPHY, Js.

Argued May 4—decided July 18, 1950

*Edward S. Pomeranz*, with whom was *William P. Aspell*, for the appellants (defendants).

*Morris Apter*, with whom, on the brief, were *Julius Apter* and *Milton Nahum*, for the appellee (plaintiff).

BALDWIN, J.   This is an appeal by the defendant employer, hereinafter called the defendant, and his insurer from a judgment of the Superior Court sustaining a finding and award of the compensation commissioner in favor of the plaintiff.   The plaintiff claims compensation for injuries sustained when he was hit by an automobile on the public highway as he was walking home from work in the defendant's laundry.   The question determinative of the appeal is whether the court was warranted in sustaining the commissioner's conclusion that the plaintiff's injury arose out of and in the course of his employment.

We summarize the material facts in the finding, which, as corrected by the Superior Court, is not subject to further correction by this court.   The plaintiff and the defendant, who are brothers, were subject to the Workmen's Compensation Act.   Prior to 1948, the defendant's laundry had been located in Hartford not far from the plaintiff's home.   The plaintiff had had a heart ailment for some time.   When the defendant contemplated moving the laundry to a place in West Hartford, a considerable distance from the plaintiff's home, he asked the plaintiff to work at the new location.   He knew about the plaintiff's heart ailment and

they discussed the advisability of the plaintiff's continuing his employment there. It was finally agreed that the plaintiff would work at the new plant and that because of his heart condition the defendant would see to it that he was transported home at night either in the defendant's own car or in the truck of one of the laundry drivers. The plant was moved to West Hartford and the plaintiff continued his employment at the new location, which was on the east side of Prospect Avenue a few hundred feet south of Park Street, in a sparsely settled area. A public sidewalk on the east side of Prospect Avenue extended southerly from Park Street. From a point some distance north of the defendant's plant it consisted of a cinder path, which intersected a path leading from the plant. The defendant instructed all his drivers that the plaintiff was to be driven home from work each night. This was in accordance with the agreement for transportation because of his heart condition. The plaintiff came to work each morning and walked to the plant from the Park Street corner. He always paid his bus fares and was not reimbursed by the defendant for any of them. After the plaintiff's employment at the West Hartford plant began, he was driven home at the end of each day's work by one of the laundry drivers or, once in a while, by the defendant. Occasionally, when this transportation was not available, he had to walk to the corner and get the bus. The defendant knew and consented to this, for when neither he nor one of the drivers could take the plaintiff the defendant instructed him to go to the corner to take the bus. The plaintiff made no objection when a ride home from the plant was not available. Prospect Avenue, which is heavily traveled, particularly between 4 and 6:30 p. m. daily, was the sole means of access to the defendant's laundry.

There was a heavy snow fall prior to January 19,

1948. After Prospect Avenue had been plowed by the town, there was a high bank of snow on each side. There was no shoveled sidewalk in front of the defendant's plant. The defendant had received complaints from other employees of these hazardous conditions. Because of them, for some time prior to January 19, the plaintiff had been obliged to walk in the highway in coming to the laundry and on that night, immediately on leaving it, was obliged to do so. When he finished his day's work, he found that there was no transportation available. The defendant knew that there was no driver to take the plaintiff home, told him that he would be unable to take him and directed him to walk to the corner and take a bus. It was then about 6 p. m. and dark. The plaintiff left the plant by a shoveled path which led to the highway and proceeded northerly on its easterly edge next to the high bank of snow. As he was walking along close to this snow bank, about 250 feet north of the defendant's property, he was struck by an automobile which was being driven northerly along the highway and sustained serious injuries.

The defendant contended that, since the plaintiff had left his employment at the plant and was going home on a public highway, as were other workers, when he was injured, the injury did not arise out of and in the course of his employment. The plaintiff claimed that the defendant's failure to keep his agreement to furnish him transportation home necessitated his walking along the public highway under the existing hazardous conditions, which, together with the peculiar location of the plant, subjected him to a special hazard which was annexed to his employment as a risk incident thereto and was a greater hazard than the ordinary worker going to and from work was subjected to on that day. The commissioner overruled the defendant's

claim, sustained that of the plaintiff and awarded him compensation. It is from the Superior Court's refusal to disturb this ruling that the defendants have appealed to this court.

It is not disputed that the general principle is well established in this state that employees whose area of employment is within defined limits are not regarded as in the course of their employment while going to and returning from work upon the public highways and that the risks incidental to travel on such highways ordinarily do not arise out of their employment. *Lake* v. *Bridgeport,* 102 Conn. 337, 342, 128 A. 782. There are, however, well-recognized exceptions to this rule. *Lake* v. *Bridgeport,* supra, 343; *Flodin* v. *Henry & Wright Mfg. Co.,* 131 Conn. 244, 245, 38 A. 2d 801. In *Taylor* v. *M. A. Gammino Construction Co.,* 127 Conn. 528, 18 A. 2d 400, we said (p. 530): "An employer may by his dealing with an employee or employees annex to the actual performance of the work, as an incident of the employment, the going to or departure from the work; to do this it is not necessary that the employer should authorize the use of a particular means or method, — although that element, if present, is important; it is enough if it is one which, from his knowledge of and acquiescence in it, can be held to be reasonably within his contemplation as an incident to the employment, particularly where it is of benefit to him in furthering that employment."

In the instant case, the plaintiff was a brother and apparently a trusted employee of the defendant. It may very well have been that, had not the defendant made an agreement to transport the plaintiff to his home from the new and more distant location of the laundry, the plaintiff would not have continued in the defendant's employ. In any event, the agreement to provide the transportation was an inducement to the

continuance of the employment and became an inci-
dent to it.   Had the plaintiff been injured while riding
home in the defendant's automobile or in one of the
defendant's trucks under an agreement to furnish trans-
portation from work, there could be no question about
the defendant's liability. *Sala* v. *American Sumatra To-
bacco Co.*, 93 Conn. 82, 85, 105 A. 346; *Swanson* v. *La-
tham*, 92 Conn. 87, 90, 101 A. 492.   Recovery is allowed
even though the transportation provided is in a vehicle
owned by someone other than the employer, when the
employer has expressly or tacitly consented to its use.
*Saba* v. *Pioneer Contracting Co.*, 103 Conn. 559, 563,
131 A. 394.   The employee need not actually be in the
vehicle provided for his transportation when injured, if
he is injured in the act of going to or leaving such
vehicle.   *Flanagan* v. *Webster & Webster*, 107 Conn.
502, 506, 142 A. 201.   Nor is it prerequisite to a recov-
ery that the accident occur during the regular hours of
work.   *Johnson* v. *Wiese*, 125 Conn. 238, 239, 5 A. 2d
19.

In view of the defendant's failure to fulfill his agree-
ment to transport the plaintiff and of his direction to
take a bus, the plaintiff in obeying instructions was
acting within the course of his employment. *Ruck-
gaber* v. *Clark*, 131 Conn. 341, 343, 39 A. 2d 881; *Sta-
konis* v. *United Advertising Corporation*, 110 Conn.
384, 389, 148 A. 334.   Pursuant to those instructions,
his use of the highway, made necessary by the lack of
any available sidewalk, subjected him, under the dan-
gerous conditions of travel prevailing there and then,
to risks which were peculiar and incidental to his em-
ployment.   *Procaccino* v. *Horton & Sons*, 95 Conn. 408,
413, 111 A. 594; *Kuharski* v. *Bristol Brass Corporation*,
132 Conn. 563, 566, 46 A. 2d 11; *Puffin* v. *General Elec-
tric Co.*, 132 Conn. 279, 282, 43 A. 2d 746; *Corvi* v.
*Stiles & Reynolds Brick Co.*, 103 Conn. 449, 452, 130

140

A. 674. His injury thus arose out of his employment. The conclusion of the commissioner was correct.

There is no error.

In this opinion BROWN, C. J., and O'SULLIVAN, J., concurred.

JENNINGS, J. (dissenting). I dissent on the ground that the defendant's breach of contract to furnish transportation did not alter the status of the plaintiff from that of an ordinary commuter.

In this opinion, MURPHY, J., concurred.