DANIEL MORIN v. ANDRE LEMIEUX

COTTER, C. J., LOISELLE, PETERS, HEALEY and PARSKEY, JS.

Argued November 7, 1979—decision released January 29, 1980

*Raynald B. Cantin*, with whom, on the brief, was *Jefferson D. Jelly*, for the appellant (plaintiff).

*William A. Leone*, for the appellee (defendant).

PETERS, J. The only issue in this case is whether the plaintiff's action against the defendant alleging common-law negligence is barred by the Workmen's Compensation Act, General Statutes § 31-284 (a). The plaintiff, Daniel Morin, sued the defendant,

Andre Lemieux, alleging that he had been personally injured because of the negligent operation of a truck owned by the defendant and operated by one Jean Saucier. The trial court sustained the defendant's second special defense which claimed that the plaintiff's injuries arose in the scope of his employment and his claim for damages was therefore barred by the provisions of the Workmen's Compensation Act. From the subsequent rendering of judgment for the defendant, the plaintiff has taken the present appeal.

The trial court's findings of fact have not been challenged[1] and they establish the following: In April of 1972, the plaintiff, a carpenter, and the defendant, a general construction contractor, entered into an oral contract of employment in Connecticut for work to be performed on a construction project in Charlottesville, Virginia. It was an essential part of that contract that the defendant provide the plaintiff, while in Virginia, with accommodations and transportation to and from work at no cost to the plaintiff. The defendant did so. The accident which is the subject of this litigation occurred on August 11, 1972, when the plaintiff, having completed his day's work at the job site, had been returned to the vicinity of his lodgings in a truck owned by the defendant and driven by a co-employee. The truck was provided by the defendant to drive his employees to and from the job site. After leaving the truck, the plaintiff stepped from the curb, intending to cross the street to enter his employer-furn-

---

[1] Assignments of error relating to omitted draft findings, not having been briefed, are deemed abandoned. Practice Book, 1978, § 3063; *Gould* v. *Rosenfeld,* 178 Conn. 503, 505, 423 A.2d 146 (1979); *O'Connor* v. *Dory Corporation,* 174 Conn. 65, 70, 381 A.2d 559 (1977).

ished apartment. He was injured when he was struck by the truck which backed up as the plaintiff was stepping from the curb into the street.

Since the contract of employment between the parties was entered into in this state, our Workmen's Compensation Act determines the compensability of the plaintiff's injury. *Falvey* v. *Sprague Meter Co.,* 111 Conn. 693, 696, 151 A. 182 (1930); *Kennerson* v. *Thames Towboat Co.,* 89 Conn. 367, 371, 94 A. 372 (1915). Under this statute, General Statutes § 31-284 (a),[2] an employer is not liable in damages for work-connected personal injuries sustained by an employee arising out of and in the course of his employment, since such injuries give rise to claims compensable under workmen's compensation.

We have previously held that personal injuries sustained by an employee while traveling to or returning from work in transportation furnished by the employer are compensable. *Katz* v. *Katz,* 137 Conn. 134, 138, 75 A.2d 57 (1950); *Taylor* v. *M.A. Gammino Construction Co.,* 127 Conn. 528, 530-32, 18 A.2d 400 (1941); *Flanagan* v. *Webster & Webster,* 107 Conn. 502, 505, 142 A. 201 (1928);

[2] "[General Statutes] Sec. 31-284. BASIC RIGHTS AND LIABILITIES. (a) An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as follows, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter, provided nothing herein shall prohibit any employee from securing, by agreement with his employer, additional benefits from his employer for such injury or from enforcing such agreement for additional benefits."

*Lake* v. *Bridgeport,* 102 Conn. 337, 342, 128 A. 782 (1925); *Sala* v. *American Sumatra Tobacco Co.,* 93 Conn. 82, 84–86, 105 A. 346 (1918). See *McNamara* v. *Hamden,* 176 Conn. 547, 551, 398 A.2d 1161 (1979). Our cases have also deemed compensable injuries that an employee has sustained *before* his entry upon employer-furnished transportation, injuries that occur while the employee is crossing a street to reach such transportation. *Katz* v. *Katz,* supra, 139; *Flanagan* v. *Webster & Webster,* supra, 509. The present case is the other side of that coin. Are personal injuries compensable when they are sustained by an employee *after* he leaves transportation furnished by his employer while he is directly en route to lodgings furnished by his employer? Had his return trip from work ended so that the injury was outside of the course of his employment, or was the injury still within the statute? The trial court found that the plaintiff's injury was sustained in the performance of his contract of employment. We agree.

An employee's injury is sufficiently work-related to be compensable if it is an injury "arising out of and in the course of employment." General Statutes § 31-275.[3] We have repeatedly stated and restated the various criteria that determine whether an injury is sufficiently causally related to employment so that it can be said to be one "arising out of" employment; *McNamara* v. *Hamden,* supra, 550; *Dombach* v. *Olkon Corporation,* 163 Conn. 216, 221–22, 302 A.2d 270 (1972); *Stakonis* v. *United Adver-*

---

[3] General Statutes § 31-275 defines an injury "arising out of and in the course of his employment" as one "happening to an employee . . . while he has been engaged in the line of his duty in the business or affairs of the employer upon the employer's premises, or while so engaged elsewhere upon the employer's business or affairs by the direction, express or implied, of the employer."

*tising Corporation,* 110 Conn. 384, 389, 148 A. 334 (1930); *Whitney* v. *Hazard Lead Works,* 105 Conn. 512, 516, 136 A. 105 (1927); *Larke* v. *Hancock Mutual Life Ins. Co.,* 90 Conn. 303, 309, 97 A. 320 (1916); see 1 Larson, Workmen's Compensation Law § 6, p. 3-1 (1978); and sufficiently related thereto in time, place and circumstance so as to qualify as "arising in the course of" employment. *McNamara* v. *Hamden,* supra, 550; *Dombach* v. *Olkon Corporation,* supra, 221; *Whitney* v. *Hazard Lead Works,* supra, 517; *Larke* v. *Hancock Mutual Life Ins. Co.,* supra, 308; see 1A Larson, Workmen's Compensation Law § 20, p. 5-1 (1978). See generally Davis, "Workmen's Compensation in Connecticut—The Necessary Work Connection," 7 Conn. L. Rev. 199, 219–20 (1975).

The cases dealing with injuries associated with transportation furnished by an employer have held that such employer involvement brings the case into the rubric of an injury "arising in the course of employment." Ordinarily an injury is not compensable when it is sustained by an employee on a public highway while traveling to or from his place of employment. *True* v. *Longchamps, Inc.,* 171 Conn. 476, 478, 370 A.2d 1018 (1976); *Dombach* v. *Olkon Corporation,* supra, 222; *Katz* v. *Katz,* supra, 138; *Flanagan* v. *Webster & Webster,* supra, 505; *Whitney* v. *Hazard Lead Works,* supra, 516–17. See *McNamara* v. *Hamden,* supra, 552. When, however, the employer provides transportation, that transportation becomes a condition of employment and therefore sufficiently incidental to the employment so that injuries are compensable if they occur during the use of such transportation; *Katz* v. *Katz,* supra; *Flanagan* v. *Webster & Webster,* supra; *Whitney* v. *Hazard Lead Works,* supra, 518–19;

*Lake* v. *Bridgeport,* supra, 342; *McNamara* v. *Hamden,* supra; or arise out of conduct directed toward the use of such transportation. *Katz* v. *Katz,* supra; *Flanagan* v. *Webster & Webster,* supra. As we said in *Katz* v. *Katz,* supra, 139, "the employee need not actually be in the vehicle provided for his transportation when injured if he is injured in the act of going to or leaving such vehicle."

In the light of these well-established principles, the facts of the case before us compel a finding of compensability. We need not now determine the outer limits of the zone of compensability that is created by employer-furnished transportation. Here the employee was injured by the employer's truck while he was walking from employer-furnished transportation to employer-furnished lodgings. But for the employer's promise to provide transportation and lodgings, which was a condition of the contract of employment, the employee would not have been in Virginia at all. The employee intended to go and was in fact going directly from furnished transportation to furnished lodgings. This employee's injuries arose out of and in the course of his employment. See *Owens* v. *Southeast Arkansas Transportation Co.,* 216 Ark. 950, 958–59, 228 S.W.2d 646 (1950); *Sihler* v. *Lincoln Alliance Bank and Trust Co.,* 280 N.Y. 173, 174, 19 N.E.2d 1008 (1939); *Millers Mutual Fire Ins. Co.* v. *Rawls,* 500 S.W.2d 545, 547–48 (Tex. Civ. App. 1973); *Scott* v. *Willis,* 150 Va. 260, 265–68, 142 S.E. 400 (1928).

Since the personal injuries suffered by the plaintiff were sustained under circumstances that make them compensable under the Workmen's Compensation Act, the defendant was not liable, despite the negligence of the driver of his truck, "to any action

for damages." General Statutes § 31-284 (a). The trial court was therefore correct in sustaining the defendant's second special defense to the plaintiff's complaint.

There is no error.

In this opinion the other judges concurred.