[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on Defendant's Motion for summary judgment. The thrust of the defendant's argument appears to be that the Connecticut's six year Statute of Limitations embodied in Conn. Gen. Stat. 52-576 constitutes a bar to the action. This court disagrees.
This is a one count collection action. In support of its motion, defendant's affidavit avers that defendant has lived in Connecticut continuously since February 1982. The plaintiff alleges that he has tried unsuccessfully to reach the out of state defendant, and upon defendant's return to Connecticut, the action was commenced.
The court need not recite the legion of cases which state that summary judgment may not be granted unless pleadings have seen closed and that there must be no genuine issue of fact.
In this case, the defendant is relying on Conn. Gen. Stat.52-576 (a) which provides that "[n]o action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues." Over twelve years have passed from the date the original debt became due until the plaintiff's bringing of this action. To avoid the bar imposed by the Statute of Limitations, the plaintiff argues that the defendant's prolonged absence from the state and, promises to pay the debt, toll the running of the statute of limitations.
Conn. Gen. Stat. 52-590 provides:
 "In computing the time limited in the period of limitation prescribed under any provision of this chapter [which includes section 52-576], the time during which the party, against whom there may be any such cause of action, is without this state shall be excluded from the computation, except that the time so excluded shall not exceed seven years."
In Clegg v. Bishop, 103 Conn. 564, 569 (1987) our Court stated that the statute of limitations does not begin to run against a former resident until his or her return to the state.
The defendant's affidavit avers that he did not return to Connecticut until February 1982. The statute, C.G.S. 52-590, therefore, did not commence again until February 1982. It was tolled from January 1, 1977 (the payment due date) until defendant's return to Connecticut. CT Page 2134
The action commenced on September 27, 1989 was, therefore, timely.
Motion for Summary Judgment is denied.
SOCRATES H. MIHALAKOS, JUDGE