[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE CT Page 8964
The plaintiff, Ida Viglione, commenced this action against the defendants, Jack SantaMaria and First National Supermarkets, by filing a writ, summons and complaint on June 9, 1993. The plaintiff's complaint contains four counts. three counts are directed against defendant SantaMaria and allege assault, intentional infliction of emotional distress, and negligent infliction of emotional distress. The fourth count is directed against defendant First National Supermarket and purports to allege negligence. Specifically, the fourth count contains allegations that the plaintiff was an employee of First National, where she was supervised by SantaMaria from April 1989 to June 1991. During this time defendant SantaMaria allegedly sexually harassed the plaintiff which allegedly resulted in the plaintiff suffering physical and emotional injuries.
The defendant, First National Supermarkets filed a motion to strike count four of the plaintiff's complaint on July 1, 1993 and attached thereto a supporting memorandum. The plaintiff filed a memorandum in opposition to the defendant's motion to strike on July 12, 1993.
The motion to strike is provided for in Practice Book 158 and is the proper means by which to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). The motion to strike, "[l]ike the demurrer . . . admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in pleadings." Mingachos v. CBS Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "The sole inquiry at this stage is whether . . . allegations, if proved, state a cause of action." Levine v. Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132, 471 A.2d 679
(1983). In addition the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Housing Auth., 208 Conn. 161,170, 544 A.2d 1185 (1988). Facts necessarily implied and fairly provable are included. Norwich v. Silverberg, 200 Conn. 367,370, 511 A.2d 336 (1986).
The defendants, in their memorandum of law contend that the fourth count should be stricken because it falls to state a claim upon which relief can be granted. Specifically, that General Statutes 31-284(a) bars the plaintiff from bringing a cause of CT Page 8965 action for negligence against her employer.
The plaintiff on the other hand contends that the exclusive remedy provision of the Worker's Compensation Act does not bar civil claims arising from intentional physical acts, ratified by the employer, which causes harm that is primarily emotional in nature.
Under our Workers' Compensation Act, "[a]n employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment. General Statutes 31-284; Mingachos v. CBS Inc., supra, 98. The purpose behind the Worker's Compensation Act is to compensate a worker for injuries arising out of and in the course of employment, regardless of fault, by imposing a form of strict liability upon the employer. Collins v. West Haven,210 Conn. 423, 425, 555 A.2d 981 (1989). The legislation is remedial in nature and should be broadly construed to accomplish its purpose. Kinney v. State, 213 Conn. 54, 59,566 A.2d 670, cert. denied, 111 S.Ct. 251 (1989). "In previous decisions under the [Workers'] Compensation Act we have consistently held that where a worker's personal injury is covered by the act, statutory compensation is the sole remedy and recovery in common law tort against the employer is barred." (Citations omitted.) Jett v. Dunlap, 179 Conn. 215, 216, 425 A.2d 1263 (1979). An employee's injury is compensable under the act "if it is an injury arising out of and in the course of employment." Morin v. Lemieux, 179 Conn. 501, 504, 427 A.2d 397 (1980); see also General Statutes 31-275(8), (12), 31-294. Moreover, our Supreme Court has stated that "[a]n intentional tort committed upon one employee by another, which causes personal injury arising out of and in the course of his employment, is covered by the compensatory provisions of the [Workers'] Compensation Act." Jett v. Dunlap, supra, 218.
Our Supreme Court recognized in Jett that "[u]nless the defendant employer intentionally directed or authorized [the co-worker] to strike the plaintiff, the employer has a right to view the incident as an injury arising out of and in the course of employment, another `industrial mishap in the factory, of the sort he has a right to consider exclusively covered by the compensation system.' 2A Larson, Workmen's Compensation (1976) 68.21, p. 13-11." Id. 218. The court concluded that "[i]f the assailant can be identified as the alter ego of the corporation, or the corporation has directed or authorized the assault, then the corporation may be CT Page 8966 liable in common law tort; if the assailant is only another employee who cannot be so identified, then the strict liability remedies provided by the [Workers'] Compensation Act are exclusive and cannot be supplemented with common law damages." Id., 219.
In the case at bar, the conduct alleged to form the basis for this action were perpetrated by one co-worker against another and occurred during work hours on the employer's premises. The plaintiff has made no allegation either that SantaMaria acted "as the alter ego" of First National or that First National had "directed or authorized" the harassment in question. The plaintiff does allege that First National had prior knowledge that defendant SantaMaria "had previously sexually assaulted, sexually harassed, threatened and intimidated other female employees. . . ." The plaintiff apparently contends that such nonfeasance on the employer's part distinguishes this case from Jett v. Dunlap; by "knowingly tolerating" SantaMaria's behavior toward the plaintiff, First National in effect "not only condoned it but encouraged it," thereby itself engaging in serious misconduct and thus taking the case outside the Workers' Compensation Act.
In Mingachos v. CBS Inc., supra, our Supreme Court recently explicated the "wilful or serious misconduct" exception that was enunciated in Jett v. Dunlap, supra, to the exclusive remedy principle expressed in General Statutes 31-284(a). The court explained that to be outside the purview of the General Statutes31-284(a), the employer must have engaged in intentional misconduct, as that has been defined through our case law; see, e.g. Markey v. Santangelo, 195 Conn. 76, 77-78, 485 A.2d 1305
(1985); directed against its employee. Mingachos v. CBS Inc., supra, 102-03. Anything short of "genuine intentional injury" sustained by the employee and caused by the employer is compensable under the Act. Id., 108. While the defendant employer in the present case may have been "negligent," as the plaintiff has alleged, in its failure to take corrective measures that would have served to eliminate the likelihood of the claimed encounters between the plaintiff and her co-worker, none of the plaintiff's allegations, fairly read, indicated that First National genuinely "intended" the occurrence of any of the plaintiff's resulting injuries. See Mingachos v. CBS Inc., supra, 101-02, 107-08. "Unless the employer has commanded or expressly authorized the assault, it cannot be said to be intentional from his standpoint any more than from the standpoint of any third person." 2A Larson, Workmen's Compensation Law (1976) 68.21; see Jett v. Dunlap, supra, 219. CT Page 8967
Accordingly, the defendant's motion to strike the fourth count of the plaintiff's complaint is granted.
Pickett, J.